UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| OLIVIER GOUREAU and OLIVIER GOUREAU, INC.<br><br>Plaintiffs,<br><br>-against -<br><br>NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE GOUREAU, GOOBERRY CORP., NOG INTERNATIONAL, INC., and FOPPS, INC.<br><br>Defendants. | Civil Action No.:<br>12 cv 6443 (PAE)(DF)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT** |

## **PRELIMINARY STATEMENT**

Defendant Stephanie Goureau brings this motion to dismiss to eliminate her as a party that simply does not belong in this action. As the caption indicates, this lawsuit involves the interests of many members of the same family, and the respective business entities with which those family members are aligned. At the core of the Amended Complaint are two basic contentions: First, plaintiffs Olivier Goureau and his wholly owned company, Olivier Goureau, Inc., allege that defendants Nicolas Goureau (Olivier's stepson) and Nicolas' wholly owned company, Gooberry, improperly registered and converted certain "COURAGE.B" trademarks that Olivier Goureau, Inc. purports to own, and that the defendants have used those marks without right. Second, plaintiff Olivier Goureau contends that since Olivier filed for divorce from defendant Noemi Goureau (Nicolas' mother), Olivier has been precluded from participating in the operation and profits of an alleged joint venture that consists of Olivier, Noemi and Nicolas, which purportedly operates all of the family businesses.

Noticeably absent from the Amended Complaint, however, is *any non-conclusory* claim predicated on the conduct of defendant Stephanie Goureau ("Stephanie"). Indeed, Stephanie is

mentioned in only three paragraphs of the Amended Complaint, and plaintiffs do no more than claim that at a certain point, defendants Nicolas and Noemi Goureau *proposed* that Stephanie be brought into the purported joint venture.  There is absolutely no allegation that Stephanie violated any asserted trademark right of Olivier Goureau, Inc., nor any contention that Stephanie has breached any duty to plaintiffs or is even a part of the purported joint venture that plaintiffs seek to dissolve.  Plaintiffs, therefore, fail to state a claim against Stephanie upon which relief can be granted, warranting dismissal of the complaint against her.

## FACTS

### General Allegations of the Amended Complaint

Plaintiff Olivier Goureau ("Olivier") is the husband of defendant Noemi Goureau ("Noemi"), stepfather and uncle of defendants Nicolas Goureau ("Nicolas") and Stephanie, president and owner of plaintiff Olivier Goureau, Inc. ("OGI") and an equal co-owner with Noemi in defendant NOG International, Inc. ("NOG").  (Amended Complaint, hereafter "Amended Compl.", ¶¶ 3-7.) (Dkt. No. 10.) Noemi is also the sole owner of defendant Fopps, Inc. ("Fopps"), a retail clothing store in Manhattan.  (Amended Compl. at ¶ 9.)  Nicolas is the President and record owner of defendant Gooberry Corp. ("Gooberry").  (Amended Compl. at ¶ 8.)

Plaintiffs allege that OGI originated the trademarks associated with the "Courage.B" line of clothing and accessories (the "Courage Marks") sold by Fopps, Gooberry, OGI and NOG, and that only OGI had authority to register the trademarks and use and/or license goods bearing those marks. (Amended Compl. at ¶12.)  In late 2010, Nicolas submitted applications to the United States Patent and Trademark Office to register the Courage Marks in Gooberry's name, which applications were granted in 2011.  (Amended Compl. at ¶¶ 17, 19.)  Plaintiffs claim that as a result of this improper registration, OGI has been deprived of ownership of the Courage Marks,

and that Gooberry's and Fopps' continued use of the Courage Marks on goods sold by those entities violates the Lanham Act. (Amended Compl. at ¶¶ 34-48.)

Plaintiffs also claim that since 2008, Olivier, Noemi and (starting in 2009) Nicolas have engaged in "an undocumented joint venture arrangement [that] operated the group of family-owned businesses (OGI, NOG, Gooberry and FOPPS) as one integrated unit." (Amended Compl. at ¶ 22.) After Olivier commenced divorce proceedings against Noemi at the end of April, plaintiffs claim that Olivier's role in the purported joint venture was eliminated, therefore improperly depriving him access to the assets and books and records of the alleged joint venture. (Amended Compl. at ¶¶ 27-28.)

The Amended Complaint asserts claims under the Lanham Act based on Nicolas' and/or Gooberry's purported fraudulent registration of the Courage Marks (Count 1) and defendants' alleged false descriptions, confusion and dilution of the Courage Marks (Count 2). The Amended Complaint also asserts that "Defendants were unjustly enriched" from their use of the Courage Marks (Count 3), that defendants breached their duties as joint venturers (Count 4), that Nicolas converted the Courage Marks and Goureau's customer lists (Count 5), and that the purported joint venture should be dissolved (Count 6). Finally, the Amended Complaint includes a Declaratory Judgment claim (Count 7) which seeks a judgment "setting forth the legal relations of the individual parties and their rights to the assets, income, and profits of the corporate defendants consistent with the facts developed during discovery and presented at trial."

### Allegations About Stephanie in the Amended Complaint

The Amended Complaint contains only two substantive allegations about Stephanie. After identifying Stephanie as a party (Amended Compl. at ¶ 7), plaintiffs allege that Noemi and Nicolas proposed to add Stephanie to this informal joint venture in 2011, that counsel was

engaged to document this arrangement in January 2012, but "the terms on which she would join the joint venture *were never fully agreed upon* or reduced to writing" (Amended Compl. at ¶ 23, emphasis added). Plaintiffs amended their complaint to add a single additional allegation regarding Stephanie "on information and belief":

> Even so, on inform ation and belief, Stephanie has claimed and continues to claim an ownership interest in, a nd a sh are o f the income and profits of, all the joint venture business entities.

(*Id*.)

In addition, the Amended Complaint alleges that after divorce proceedings were commenced, "Defendants Noemi, Nicolas and Stephanie, acting in concert, knowingly and wrongfully purported to oust Plaintiffs from any further participation in the joint venture." (Amended Compl. at ¶ 27.)  The Amended Complaint, however, makes no allegations about what conduct, if any, Stephanie engaged in.

## ARGUMENT

### I. MOTION TO DISMISS STANDARD

In order for plaintiffs to withstand a motion to dismiss pursuant to Rule 12(b)(6), they must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Scottrade, Inc. v. Broco Invs., Inc.*, 774 F. Supp. 2d 573, 577 (S.D.N.Y. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  However, where the factual allegations permit no reasonable inference stronger than the "mere possibility of misconduct," the complaint should be dismissed. *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 556 U.S. at 679). Where, as here, a complaint pleads facts that "'[stop] short of the line between possibility and

4

plausibility of entitlement to relief, those claims must be dismissed." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). In applying this standard of facial plausibility, the Court accepts all factual allegations as true, but it does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id*. "Ultimately, where the plaintiff's claims have not been nudged . . . across the line from conceiveable to plausible, the complaint must be dismissed." *Muniz v. Bank of Amer., N.A.*, No. 11 Civ. 8296, 2012 U.S. Dist. LEXIS 97865, at *6 (S.D.N.Y. July 13, 2012) (Engelmayer, J.) (internal citations and quotations omitted).

## II.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST STEPHANIE GOUREAU

The Amended Complaint names Stephanie Goureau as a defendant, but contains only two substantive allegations about her. Specifically, paragraph 23 of the Amended Complaint states:

> At some time in 2011, Noemi and Nicolas proposed Defendant Stephanie as an additional joint venturer with an equal share. Although there was general agreement on this principle and counsel was engaged to document this arrangement (including Stephanie) in corporate form in January 2012, the terms on which she would join the joint venture were never fully agreed upon or reduced to writing. Even so, on information and belief, Stephanie has claimed and continues to claim an ownership interest in, and a share of the income and profits of, all the joint venture business entities.

The Amended Complaint also alleges in a wholly conclusory manner that Stephanie acted "in concert" with her mother and brother to block plaintiffs from participation in the joint venture. (Compl. at ¶ 27.) These vague allegations fall woefully short of plaintiffs' pleading obligations under *Iqbal* and *Twombly*.

"When a complaint names defendants in the caption but makes no substantive allegations against them in the body of the pleading, the complaint does not state a claim against these defendants." *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 251

5

(S.D.N.Y. 2009) (denying motion to amend on the basis of futility where proposed amendment failed to include any allegations connecting the defendants to the alleged wrongdoing); *accord Cohen v. Local 338-RWDSU/UFCW*, 08 Civ. 01151, 2010 U.S. Dist. LEXIS 81985, at *16-17 (S.D.N.Y. Aug. 12, 2010); *see generally Ritani, LLC v. Aghjayan,* 11 CIV. 8928*,* 2012 U.S. Dist. LEXIS 102078, at *26 (S.D.N.Y. July 18, 2012) (explaining that in order to avoid dismissal "allegations in a complaint must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging").

The Amended Complaint makes no allegation that Stephanie participated in the allegedly improper registration of the Courage Marks, nor that she has used those marks in commerce without authorization (Counts I-III, V).  Similarly, Plaintiffs make no allegation that Stephanie owed any fiduciary duty to any plaintiff, or that Stephanie was an actual participant in the joint venture.  (Amended Compl. at ¶ 23.)  To the contrary, the Amended Complaint states that the terms upon which Stephanie would join the purported joint venture *were never fully agreed upon or reduced to writing*.  The Amended Complaint's contention that Stephanie, "acting in concert" with Noemi and Nicolas, worked to deprive plaintiff Olivier of rights he claims he has as a result of the joint venture lacks any explanation of how Stephanie was involved in doing so; her only purported role was being Nicolas' sister and Noemi's daughter.

Plaintiffs allege that "on information and belief, Stephanie has claimed and continues to claim an ownership interest in, and a share of the income and profits of, all the joint venture business entities." (Amended Compl. at ¶ 23.)  Again, Plaintiffs fail to provide any facts or support, however, upon which they base their belief, resulting in a conclusory and wholly speculative allegation.  Plaintiffs' mere belief is insufficient without "specific factual allegations to enable the Court to evaluate [their] information and belief assertions."  *Gorokhovsky v. City of*

*New York*, 10 Civ. 8848, 2011 U.S. Dist. LEXIS 54941, at *19-20 (S.D.N.Y.  May 18, 2011) (dismissing claim where plaintiff's facts pled upon information and belief did not raise his right to belief "above the speculative level").  Allegations pled upon information and belief must be accompanied by a statement of the facts upon which the belief is founded.  *Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001) (dismissing claims pled upon information and belief where plaintiff failed to provide further facts upon which her allegations were founded).

Moreover, none of Stephanie's purported conduct constitutes an element of any of the claims asserted in the Amended Complaint.  There is no allegation that she participated in any misrepresentation that led to a fraudulent registration (Count 1), has used the Courage Marks (Count 2), has been unjustly enriched or received any benefit in connection with the Courage Marks (Count 3), owed or breached any fiduciary duty to Plaintiffs as someone who is *not* alleged to have been a joint venture (Count 4),  exercised dominion over the Courage Marks or any customer list (Count 5), or is a member of the partnership plaintiffs seeks to dissolve (Count 6).

Plaintiffs claim for declaratory relief added in the Amended Complaint fares no better.  Plaintiffs allege that "[a]ctual controversies exist as to the true ownership of two valuable trademarks, and the rights of the parties to the assets, income, and profits of the corporate defendants."  Plaintiffs, however, fail to provide supporting allegations which in any way connect Stephanie to the claimed controversies regarding the Courage Marks or purported joint venture arrangement.  *Kesselman v. Rawlings Co., LLC,* 668 F. Supp. 2d 604, 610 (S.D.N.Y. 2009) ("The Declaratory Judgment Act does not provide an independent cause of action.") (internal quotations omitted).  Regarding plaintiffs' trademark claims, the Amended Complaint

alleges that *Nicolas* Goureau falsely registered the Courage Marks, and does not allege anywhere that Stephanie herself used the Courage Marks, apart from the generic allegations against all defendants in Count 2.  Neither does the Amended Complaint sufficiently plead that Stephanie became a part of, or otherwise participated in, the alleged joint venture, merely asserting in a wholly conclusory manner that Stephanie claims an interest in a business arrangement to which she was never a part.

As explained, *supra*, the allegations in the Amended Complaint do not connect Stephanie to any of the alleged wrongdoing in Counts 1-6 and therefore no grounds for a declaratory judgment exist.  *See id.* (dismissing declaratory judgment claim where claim which provided basis for relief was also dismissed); *accord Reid v. Supershuttle Int'l, Inc.,* 08-CV-4854*,* 2010 U.S. Dist. LEXIS 26831, at *27-28 (E.D.N.Y. Mar. 22, 2010) ("A declaratory judgment, however, is not a cause of action, but a form of relief that may be available *if plaintiffs' substantive claims have merit*.") (emphasis added).  In other words, because none of the claims asserted against the defendants is viable as to Stephanie, no "actual controversy" exists as between her and plaintiffs, and Count 7 should therefore be dismissed.

Because the allegations do not allow the Court to draw a reasonable inference that Stephanie is liable for any of the misconduct plaintiffs allege, and because the Amended Complaint does not allege any conduct that constitutes an element of any of the causes of action asserted, the Court should dismiss Stephanie from the Amended Complaint.  *Iqbal*, 556 U.S. at 676-79.

## **CONCLUSION**

For all of the reasons set forth above, Defendant's motion to dismiss Stephanie Goureau should be granted with prejudice.

Dated:  November 30, 2012

>Respectfully submitted,
>
>**TANNENBAUM HELPERN
>SYRACUSE & HIRSCHTRITT LLP**
>
> /s/  Jaclyn H. Grodin
>Paul D. Sarkozi
>Jaclyn H. Grodin
>
>900 Third Avenue
>New York, New York 10022
>Phone: (212) 508-6700
>Fax: (212) 371-1084
>Email – sarkozi@thsh.com
>             grodin@thsh.com
>
>*Attorneys for Defendant Stephanie Goureau*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system on November 30, 2012, and, accordingly, will be sent to the registered participants identified on the Notice of Electronic Filing.


    /s/                                                   Jaclyn H. Grodin