IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
OLIVIER GOUREAU and OLIVIER GOUREAU, :
INC., :
  :
  :
  : Civil Action No. 12 cv 6443
  : (PAE)(DF)
  :
           Plaintiffs, : ECF CASE
  :
  :
    -against- :
  :
NOEMI GOUREAU, NICOLAS GOUREAU, :
STEPHANIE GOUREAU, GOOBERY CORP., :
NOG INTERNATIONAL, INC. :
and FOPPS, INC., :
  :
  :
           Defendants. :
---------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT STEPHANIE GOUREAU'S MOTION TO DISMISS THE COMPLAINT**

Plaintiffs respectfully submit this memorandum of law in opposition to the motion to dismiss the Amended Complaint as against Defendant Stephanie Goureau ("Stephanie") under Rule 12(b)(6) for its supposed failure to state a claim against her. The motion is meritless.

**Preliminary Statement**

The Amended Complaint ("Complaint") alleges a family business dispute involving two separate sets of claims. The federal claims involve trademark issues that are not germane to the present motion and do not name Stephanie as a defendant. However, Stephanie *is* named in concurrent claims arising under state law (principally Counts 4, 6 and 7). These claims relate to an undocumented joint business venture that existed for some four years and in which Stephanie became a participant in Year Three. The Complaint specifies the wrongful actions in which

Stephanie participated – resulting in the unjustified *de facto* ouster of Plaintiffs from participation in the venture – and the grounds for relief against her, with specificity fully sufficient to withstand this motion.

## The Facts Pleaded in the Complaint

According to the Complaint, Plaintiffs Olivier Goureau and his wholly-owned corporation Olivier Goureau, Inc. were for some years part of a family joint venture, including four businesses in corporate form that were operated informally as one integrated business unit from 2008 until April 2012. Each of the four family members (Plaintiff Olivier Goureau, his wife Defendant Noemi Goureau, her son Nicolas and her daughter Stephanie, the movant here) had a role in that integrated family business. Stephanie was a late-comer to ownership in the joint venture, but Noemi and Nicolas proposed her as "an additional joint venturer with an equal share" at some time in 2011, and "there was general agreement on this principle," although the exact terms and details were never reduced to writing. (Compl. 23)[1]

Then, in April 2012, at approximately the same time a divorce proceeding began between Olivier and Noemi,

> Defendants Noemi, Nicolas and Stephanie, acting in concert, knowingly and wrongfully purported to oust Plaintiffs from any further participation in the joint venture. (Compl. 27)

As a part of this alleged corporate coup, according to the Complaint, Defendants (including Stephanie) seized control of all the books, records, bank accounts and inventory of two of the joint venture businesses; removed Plaintiffs as a signatory on the bank and credit card accounts of those businesses; locked Plaintiffs out of the joint venture's computer system;

---

[1] Significantly, the Complaint makes it clear that the joint venture agreement was entirely undocumented, so the terms of the other partners' interests were never reduced to writing either.

2

appropriated the joint venture's trademarks; ceased the payment of salary to Olivier Goureau and excluded him from profit participations. (Compl. 29-33)

Thereafter, "on information and belief, Stephanie has claimed and continues to claim an ownership interest in, and a share of the income and profits of, all the joint venture business entities." (Compl. 23)

The Complaint further alleges that the three individual defendants (including Stephanie) were engaged in a general partnership with Olivier Goureau under New York law and, accordingly, were fiduciaries of him and are accountable to him for profits. (Count 4, Compl. 52-53). The Complaint alleges that the individual defendants breached their fiduciary duties (Compl. 54-57), and seeks appropriate relief against all of them (including Stephanie), including an injunction, damages, an accounting and the dissolution of the partnership under state law. Count 7 of the Complaint also seeks a declaratory judgment as to the rights of the parties (including Stephanie) in the "assets, income and profits of the corporate defendants." (Compl. 76).

## Argument

Stephanie's motion – deliberately or not -- misreads the Complaint as if the allegations directed generally to "Defendants" do not include her. But they do, and the Complaint (read fairly and accurately) makes *all* the allegations summarized above against Stephanie, not just those selected snippets to which counsel somewhat belittlingly allude. And it is simply wrong to characterize the Complaint – as the memorandum does (p.6) – as alleging that Stephanie's "only purported role was being Nicolas' sister and Noemi's daughter" or (p.8) to say that the

Complaint "merely assert[s] in a wholly conclusory manner that Stephanie claims an interest in a business arrangement to which she was never a part."[2]

The Complaint (principally paragraphs 23-33, 51-57 and 69-77) plainly identifies Stephanie as a corporate wrongdoer, a full participant in the April 2012 corporate coup, and a misbehaving joint venturer who (after operating as an equal partner in the undocumented joint venture for nearly a year pursuant to "general agreement," par. 23) breached her fiduciary duties to Plaintiffs and continues to claim the right to profit from her wrongdoing.  The dates and nature of that wrongdoing are set forth in some detail in those paragraphs.  It is true, of course, that the Complaint's allegation that Stephanie continues to claim "an ownership interest in, and a share of the income and profits of, all the joint venture business entities" (par. 23) is stated on information and belief.  But this statement is merely responsible pleading and does not occur in a vacuum.  The accompanying factual paragraphs relating to her actions supply a sufficient context ("information") and therefore sufficient grounds for that belief.  The Complaint states that there was a 2011 "general agreement" for her to become a full participant in the venture, but that the details were not reduced to writing – and that she thereafter participated, in various specified ways, in the attempt in April 2012 to throw Olivier Goureau out of the business.  Financial motivation for those wrongful actions is sufficiently alleged.  Thus, this is not a case, like *Gorokhovsky v. City of New York,* 10 Civ. 8848, 2011 U.S. Dist. LEXIS 54941, 2011 WL 2019423 (S.D.N.Y May 18, 2011) (cited at pp. 6-7 of Stephanie's memorandum of law) where the critical allegations as to the plaintiff's status are wholly speculative and the Complaint as a whole does not provide a basis on which the Court can assess them.  One can certainly conclude

---

[2] The memorandum in support of Stephanie's motion also spends considerable effort pointing out that the trademark allegations that make up much of the Complaint do not make claims against her.  While that is true, it is completely beside the point.

4

without difficulty from the other allegations in the Complaint that profit was at least one of the motives for Stephanie's actions – thus providing a logical basis for the allegation that she has claimed and continues to claim an interest in the joint venture's constituent businesses, in which she continues to work. And, significantly, Stephanie is merely moving to dismiss the complaint against her for *insufficient specificity* – she is certainly not *denying* that she has claims on the income and profits of the businesses in question, which she could have done by moving for summary judgment with an affidavit to that effect.

At bottom, only Stephanie knows precisely what interest she claims in the joint venture businesses -- and the law does not require Plaintiffs to be mind-readers, or to allege her state of mind otherwise than on information and belief. Indeed, the courts in this Circuit generally accept pleadings "alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible," *Arista Records, LLC v. Doe, 604 F.3d 110, 120* (2d Cir. 2010). That is true even in fraud cases where the heightened FRCP 9(b) pleading standard applies. *Luce v. Edelstein,* 802 F.2d 49, 54 n.1 (2d Cir. 1986); *Robbins* et al. *v. Moor Medical Corp.* et al., 788 F. Supp 179, 190 (S.D.N.Y 1992). Surely the same principle applies in this action where there is no such heightened pleading standard. Stephanie does not cite any authority to the contrary.

To survive a motion to dismiss under FRCP 12(b)(6), Plaintiffs must only "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 555 U.S. at 570). The teaching of *Twombly* and *Iqbal,* the principal cases on which Stephanie relies, is only that the complaint need state facts sufficient to provide a plausible basis for concluding that the plaintiff is entitled to relief. Treating the facts pleaded as true (as the

Court must), that standard is easily met here. Plaintiffs here have plausibly alleged actions by Stephanie supporting grounds for a belief that she claims an interest in the alleged joint venture businesses. If proven, this is sufficient to support injunctive relief and an accounting, as the Complaint claims. In any event, her answer to the Complaint should quickly demonstrate what (if any) interest she claims – or, indeed, whether she disputes the very existence of the joint venture as her mother and brother appear to (*See* Answer and Counterclaims filed November 30, 2012, Docket No. 15, *passim)*. If the pleadings do not provide definitive answers to these questions, discovery will. This manufactured pleading controversy should not be considered dispositive of anything.

However, in the event that greater specificity is required, Plaintiffs respectfully request leave to amend the Complaint for that purpose.

## CONCLUSION

The motion to dismiss the Complaint as against Stephanie Goureau should be denied.

Dated:   White Plains, New York
         December 17, 2012

YANKWITT & McGUIRE, LLP

By: _____
Harold F. McGuire, Jr., Esq.
Russell M. Yankwitt, Esq.
Daniel F. McGuire, Esq.
140 Grand Street, Suite 501
White Plains, New York 10601
Telephone: (914) 686-1500
Facsimile: (914) 801-5930
hmcguire@yankwitt.com
*Attorneys for Plaintiffs Olivier Goureau and Olivier Goureau, Inc.*
