UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLIVIER GOUREAU, OLIVIER GOUREAU, INC., and NOG INTERNATIONAL, INC.,

    Plaintiffs,

-against-

NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE GOUREAU, GOOBERRY CORP., NOG INTERNALTIONAL, INC. and FOPPS, INC.,

    Defendants.

---

GOOBERRY CORP.,

    Third Party Plaintiff,

-against-

SACHA GOUREAU,

    Third Party Defendant.

---

Civil Action No.:
12 cv 6443 (PAE)(DF)

**THIRD PARTY COMPLAINT**

Jury Trial Demanded

DEC 1 4 2012

Gooberry Corp. ("Gooberry") by its attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for its Third Party Complaint, alleges as follows:

1. Gooberry brings this third party complaint to seek redress for the illegal and tortious conduct of its former Marketing Coordinator, Sacha Goureau ("Sacha"). In or about April 2012, Gooberry terminated Gooberry's Treasurer, Olivier Goureau ("Olivier"), Sacha's father. Within weeks, Sasha resigned from Gooberry and engaged in a course of conduct that was designed to harm Gooberry's business and computer systems and misappropriate Gooberry's confidential and proprietary information for use in a competing business owned and operated by his father. Among the conduct Sacha engaged in was (a) deleting his computer drive that contained data that Gooberry relied upon to conduct its business; (b) secretly removing from Gooberry's headquarters a hard drive containing Gooberry's customer database, listserv databases, sales figures, product designs, images purchased for use on the Gooberry website, trademark information related to the Courage.B Marks, and website design and content information; (c) copying the information on the hard drive for use in a competing business; (d) causing Gooberry's website to crash so that it could not be accessed by Gooberry personnel or Gooberry customers; (e) changing the password for Gooberry's customer database so that Gooberry personnel could not access the information; and (f) remotely accessing Gooberry's e-mail server after his departure to read the e-mails of Gooberry executives. Based on this conduct, Gooberry asserts claims for violations of the Computer Fraud Abuse Act, conversion, breach of fiduciary duty, and misappropriation of trade secrets.

**PARTIES**

2. Third Party Plaintiff Gooberry Corp. is a New York corporation with its principal place of business at 38 East 29 Street, New York, New York 10018.

3.     Third-Party Defendant Sacha Goureau is an individual residing, on information and belief, at 438 East 75 Street, New York, New York 10016.

## JURISDICTION

4.     The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 as Gooberry asserts a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as they form out of the same case or controversy as the original claims over which the Court has jurisdiction.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that Defendant resides in this District.

## FACTS

6.     In or about February 2008, Nicolas Goureau ("Nicolas") formed Gooberry, a wholesaler and retailer of women's clothing and accessories. Nicolas is President, Chief Executive Officer and sole owner of Gooberry. Gooberry owns and operates stores that bear the "Courage.B" name and operates the website www.courageb.com.

7.     Between April 2009 and November 2010, Gooberry opened retail stores in Greenwich, Connecticut, Englewood, New Jersey, East Hampton, New York, Palm Beach, Florida, Southampton, New York, and Aspen, Colorado.

### Gooberry's Confidential and Proprietary Database of Customers

8.     One of the key elements of Gooberry's business and growth is its confidential and proprietary database of customers that have expressed interest in buying or learning more about the apparel and accessories that Gooberry sells. Gooberry devotes considerable resources to tracking and identifying customer behavior and preferences so that information can be used for subsequent communications and selling opportunities.

9.     Further, Gooberry employees maintain a database of critical customer information gained at the time of purchase, such as product, location, and customer address and e-mail contact information.

10.    Gooberry takes substantial steps to protect its confidential and proprietary customer database. Since its formation, fewer than ten employees have been given access to the database, which is housed by third party vendor Constant Contact, and contained more than 3,000 email addresses as of May 2012. The Constant Contact account information is password protected to ensure that only authorized personnel can view the information that Gooberry has collected. Gooberry collected each email address with the express consent of the recipient; therefore, Gooberry did not purchase this information nor was it otherwise publically available.

**Sacha Goureau's Position at Gooberry**

11.    Gooberry hired Sacha on or about February or March of 2010 as its Marketing Coordinator. In that role, Sacha was given access to Gooberry's confidential and proprietary database of customers, design and product images, its computer systems, and its website.

12.    In particular, as Gooberry's Marketing Coordinator, Sacha was given the responsibility and was compensated to develop Gooberry's website. To that end, Sacha worked closely with Nicolas to develop the website's design and content.

13.    As Gooberry's Marketing Coordinator, Sacha was given the responsibility and was compensated to maximize Gooberry's use of its confidential and proprietary database. Sacha managed and maintained systems to send e-mail and other notifications to customers and was given unfettered access to the confidential and proprietary database to accomplish these objectives for Gooberry's benefit.

**Sacha's Resignation and Misconduct**

14. On or about April 27, 2012 Sacha's father, Olivier, filed for divorce from Noemi Goureau, Nicolas' mother. Shortly thereafter, Gooberry terminated Olivier, who had been serving as Gooberry's Treasurer. On information and belief, Sacha was aware that his father had been serving as a Gooberry officer.

15. On or about May 2, 2012, Sacha resigned from his employment with Gooberry.

16. On information and belief, upon resigning, if not before, Sacha began working for Olivier Goureau, Inc. ("OGI"), a company Olivier owned and operated.

17. In connection with his resignation on May 2, 2012, Sacha undertook a series of acts that were designed to harm Gooberry.

18. On or about May 2, 2012 and immediately prior to his resignation, Sacha deleted the contents of his Gooberry computer's entire hard drive. The contents of that hard drive, which contained data that Gooberry had been using in its business operations – such as purchased stock graphic and photographic images, company financial information, and website information – have not been recovered, despite significant efforts by Gooberry at a cost not less than $5,000.

19. On information and belief, Sacha deleted the Gooberry computer's hard drive willfully, intentionally and with an intent to harm Gooberry's business.

20. In addition, on or about May 2, 2012, Sacha used his knowledge about and access to Gooberry's control of Gooberry company website – www.courageb.com – to intentionally and willfully disable the website. Thereafter, the site remained inaccessible to Gooberry employees, customers, and potential customers for a period of at least 24 hours.

21. Furthermore, on information and belief, prior to resigning, and with no authorization or permission from Nicolas or any Gooberry representative, Sacha purposefully copied Gooberry's proprietary and confidential information, including Gooberry's customer database, listserv databases, employee email accounts, invoices, confidential emails, website design templates, and financial information, for purposes of using the information outside the scope of his duties at Gooberry. On information and belief, Sacha committed these acts at the direction of or for the benefit of Olivier and/or OGI.

22. On or about May 2, 2012, without Gooberry's authorization or consent, Sacha took from Gooberry's office an external computer hard drive owned by Gooberry that contained copies of Gooberry's customer database, listserv databases, sales figures, product designs, images purchased for use on the Gooberry website, trademark information related to the Courage.B Marks, and website design and content information. On information and belief, Sacha committed these acts at the direction of or for the benefit of Olivier and/or OGI.

23. When Gooberry discovered that the hard drive had been taken on May 2, 2012, Gooberry immediately demanded that Sacha return the hard drive to Gooberry.

24. Although Sacha returned the hard drive to Gooberry on or about May 6, 2012, upon information and belief, Sacha accessed the information on the hard drive and copied and/or downloaded that information prior to returning it to Gooberry.

25. Upon information and belief, Sacha provided all of the information he copied from Gooberry to Olivier and OGI so that it could be used in connection with OGI's solicitation of prospective customers, OGI's email mailing lists, OGI's website design, and OGI's wholesale business strategy.

26. Sacha has no rights to, or interest in, any of the information he copied, downloaded, deleted or otherwise improperly accessed, as all such information is and was the property exclusively of Gooberry.

27. Upon information and belief, on or after May 2, 2012, using the password and administrative privileges he had been provided at Gooberry as Marketing Coordinator, Sacha accessed Gooberry's Constant Contact customer database and downloaded the entire customer list for use in connection with this employment at OGI, then changed the account password in order to prevent Nicolas and other Gooberry employees from accessing the list. On information and belief, Sacha committed these acts at the direction of or for the benefit of Olivier and/or OGI.

28. On information and belief, OGI used and continues to use Gooberry's confidential and proprietary customer information to send OGI e-mails to subscribers to Gooberry's email listserv. In particular, since May 2012 a number of Gooberry customers have commented to Gooberry employees that they have received emails from a company selling apparel that used to be sold at Gooberry's stores, and which company website appears nearly identical to Courage.B's website as it existed on or before May 2, 2012.

29. Further, on or about September 12, a relative of a Gooberry employee who lives in Costa Rica, and was added to the Gooberry customer email listserv months after Sacha quit his employment on May 2, 2012, has received, and continues to receive, OGI email blasts, though the relative has never provided her email address to OGI.

30. Upon information and belief, Sacha accessed the email listserv after he quit his employment and improperly and without authorization copied and/or downloaded the contents of the listserv added after his resignation. On information and belief, Sacha committed these acts at the direction of or for the benefit of Olivier and/or OGI. Upon information and belief, Sacha accessed Gooberry's email system after May 2, 2012, and continued to access, read and monitor the confidential and password protected email accounts of Gooberry company employees, including Nicolas, doing so without permission or authorization. On information and belief, Sacha committed these acts at the direction of or for the benefit of Olivier and/or OGI.

31. In or about June 25, 2012, Sacha confronted Nicolas about a draft e-mail Nicolas had written concerning Olivier on Gooberry's e-mail server. In text message correspondence Sacha admits he was "reading" and "accessing ur [Nicolas'] emails."

## FIRST THIRD-PARTY CLAIM
## COMPUTER FRAUD AND ABUSE ACT

32. Gooberry repeats and realleges each and every allegation contained in paragraphs 1 through 31 as if fully set forth herein.

33. Gooberry's computers and computer systems are "protected computers" under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2), which are used in interstate and/or foreign commerce or communications..

34. By his wrongful actions, Sacha intentionally accessed Gooberry's protected computer system, without authorization and/or in excess of authorized access, and thereby obtained information from Gooberry's protected computer system, and/or deleted and damaged Gooberry proprietary information, and/or caused the www.courageb.com website to go offline, and otherwise intentionally disrupted access to the website.

35. By his wrongful actions, Sacha knowingly and with intent to defraud, accessed Gooberry's protected computer system, without authorization and/or in excess of authorized access.

36. By his wrongful actions, Sacha furthered the intended fraud, obtained unauthorized use of Gooberry's protected computer system, caused damage to, and disruption of, Gooberry's protected computer system, and obtained Gooberry's confidential and proprietary information, the value of such exceeding $5,000 in value in any one year period.

37. Sacha intentionally accessed Gooberry's protected computer system without authorization, and as a result of such conduct, caused Gooberry damage and loss.

38. The wrongful actions of Sacha have caused loss to Gooberry that exceeds $5,000 in value during any one year period, in that Gooberry has spent far in excess of $5,000 in responding to the offense and conducting a damage assessment.

39. The activity of Sacha constitutes a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), (a)(4), (a)(5)(C), and Gooberry is entitled to compensatory damages under the Act.

## SECOND THIRD-PARTY CLAIM
## BREACH OF FIDUCIARY DUTY

40. Gooberry repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. As an employee entrusted with confidential and proprietary information and trade secrets, Sacha owed at all relevant times a fiduciary duty to Gooberry.

42. Sacha breached that duty by copying and/or deleting Gooberry's confidential and proprietary information and trade secrets and by making or intending to make improper use of that information for purposes contrary to Gooberry's interests.

43. As a direct and proximate result of the wrongful conduct of Sacha, Gooberry has suffered and continues to suffer injury and money damages, and is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD THIRD-PARTY CLAIM
### MISAPPROPRIATION OF TRADE SECRETS

44. Gooberry hereby repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45. By his wrongful actions and gained through improper and unlawful means, including without limitation improperly accessing Gooberry's password protected computer database, downloading and/or copying the contents of that database, and utilizing the information for another company – all without Gooberry's authorization or consent – Sacha has knowingly misappropriated and used Gooberry's trade secrets.

46. As a direct and proximate result of the wrongful conduct of Sacha, Gooberry has suffered and continues to suffer injury and money damages.

### FOURTH THIRD-PARTY CLAIM
### CONVERSION

47. Gooberry repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48. By his wrongful actions, Sacha has intentionally stolen and converted confidential and proprietary information and trade secrets to the exclusion of Gooberry's rights, specifically Gooberry customer databases, email listservs and website design templates.

49. As a direct and proximate result of the wrongful conduct of Sacha, Gooberry has suffered and continues to suffer injury and money damages.

WHEREFORE, Third Party Plaintiff Gooberry respectfully requests that this Court order the

following relief:

    a)    Enter judgment in favor of Gooberry, and award compensatory damages in an amount to be proved at trial, as well as punitive damages.

    b)    Awarding such other relief as this Court may deem just and proper, including the costs and disbursements of this action, attorneys' fees and interest.

    Respectfully submitted,

**TANNENBAUM HELPERN**
**SYRACUSE & HIRSCHTRITT LLP**

_____
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (646) 390-6860
Email – sarkozi@thsh.com
           grodin@thsh.com

*Attorneys for Defendant and Counterclaimant Gooberry Corp. and Defendants Noemi Goureau, Nicolas Goureau, Stephanie Goureau, Fopps, Inc., and Gooberry Corp.*

Dated: December 14, 2012

#969753

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies a true and correct copy of the Third Party Complaint was served to all counsel of record via electronic and first class mail.

*[signature]*