**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| OLIVIER GOUREAU and OLIVIER GOUREAU, INC. ) | Civil Action No.: |
| ) | 12 cv 6443 (PAE)(DF) |
| Plaintiffs, ) | |
| ) | |
| -against - ) | **REPLY** |
| ) | **MEMORANDUM OF** |
| NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE ) | **LAW IN FURTHER** |
| GOUREAU, GOOBERRY CORP., NOG ) | **SUPPORT OF MOTION** |
| INTERNATIONAL, INC., and FOPPS, INC. ) | **TO DISMISS THE** |
| ) | **AMENDED** |
| Defendants. ) | **COMPLAINT** |

_____

GOOBERRY CORP.,                              )
                                             )
             Third Party Plaintiff,          )
                                             )
        -against-                            )
                                             )
SACHA GOUREAU,                               )
                                             )
             Third Party Defendant.          )
                                             )

_____

## PRELIMINARY STATEMENT

Plaintiffs' opposition papers only underscore that Stephanie Goureau ("Stephanie") must be dismissed from this action.  First, plaintiffs effectively admit that Counts 1, 2, 3 and 5 – the trademark and conversion claims – are not directed at Stephanie.  For example, plaintiffs state at the beginning of their opposition papers that the claims involving the trademarks (which consist of Counts 1, 2, 3 and 5) do not implicate Stephanie: "The federal claims involve **trademark issues that are not germane to the present motion and do not name Stephanie as a defendant.**" (Plaintiffs' Memorandum of Law in Opposition to Stephanie's Motion to Dismiss, Dkt. No. 19, ("Pltfs' Mem.") at 1.)  Moreover, on page 4 of the opposition memorandum, in

citing the paragraphs that plaintiffs contend address Stephanie's alleged culpability –
"principally paragraphs 23-33, 51-57 and 69-77" – plaintiffs affirmatively omit the paragraphs
that purport to assert the claims for Counts 1, 2 and 3 (paragraphs 34-50) and Count 5
(paragraphs 58-68). (*Id.* at 4.)  Accordingly, Counts 1, 2, 3 and 5 should be dismissed as to
Stephanie.

As for the remaining counts – Count 4 (breach of fiduciary duty), Count 6 (dissolution) and
Count 7 (declaratory judgment) – the opposition papers make clear that plaintiffs' Amended
Complaint simply fails to plead a joint venture *involving Stephanie* upon which all of the counts
are predicated.  Plaintiffs do not provide a single allegation **in either the initial**
**Complaint or the Amended Complaint** setting forth any role in the alleged consolidated
business arrangement by Stephanie, any contribution she may have made, what degree of control
or authority, if any, she exercised as a member of the venture, or even basic terms as to how she
would share in the profits or losses of such an agreement.  Indeed, plaintiffs admit in the
Amended Complaint that no agreement was even reached for Stephanie to be an alleged joint
venturer: **"the terms on which she would join the joint venture were never fully agreed**
**upon"** (Amended Complaint, ¶ 23 (emphasis added)).  Although Plaintiffs' Memorandum offers
some new contentions to attempt to remedy the Amended Complaint's deficiencies, case law
makes clear that a party may not cure a defective pleading with contentions introduced for the
first time in opposition papers.

Finally, having already had an opportunity to amend their pleadings, Plaintiffs should not
be permitted yet another bite at the apple.  Indeed, this Court's Individual Practices gave
plaintiffs a clear choice – either amend their pleadings or oppose Stephanie's motion to dismiss
without further right to Amendment. (*See* Judge Paul A. Engelmayer's Individual Rules and

Practices in Civil Cases, Rule 3(B).)  Having chosen to oppose, plaintiffs have waived any

opportunity to amend.  The Amended Complaint should be dismissed in its entirety as to

Stephanie, with prejudice.

### ARGUMENT

I.    **Plaintiffs Concede That The Trademark And Conversion Claims Must Be Dismissed**

Plaintiffs concede that they do not assert the trademark related claims in Counts 1, 2 and 3

of the Amended Complaint against Stephanie, and therefore the Court must dismiss those Counts

as to her regardless of its resolution as to the remaining claims premised upon the alleged joint

venture. (Pltfs' Mem. at 1.)

Similarly, plaintiffs fail to address their conversion claim and make clear that their claims

of wrongdoing against Stephanie do not include the allegations in Paragraphs 58-68 of the

Amended Complaint wherein they assert their conversion claim.  (*Id.* at 4.)[1]  In two allegations

of the Amended Complaint (¶¶ 61, 67) plaintiffs selectively employ the use of "Defendants."[2]

However, even assuming these allegations can be read to apply to Stephanie, Paragraphs 61 and

67 do not satisfy the claim of a conversion as to Stephanie.  The elements of conversion are "(1)

plaintiff's possessory right or interest in the property and (2) defendant's dominion over the

property or interference with it, in derogation of plaintiff's rights." *DDR Constr. Servs. v.

Siemens Indus.*, 770 F. Supp. 2d 627, 660 (S.D.N.Y. 2011).  Here, plaintiffs allege that *Nicolas*,

not Stephanie, exercised dominion over the relevant trademarks as well as certain customer lists

in which they claim Olivier has a possessory right or interest, and therefore fail to establish the

---

[1] Stephanie is not mentioned individually with respect to any allegation in support of Count 5.

[2] Plaintiffs take the contradictory and confusing position that the allegations in the Amended Complaint under the subheadings of Counts 4, 6 and 7 referring to "Defendants" generally apply with equal force to all three individual defendants, while at the same time admitting that their use of Defendants in Counts 1, 2, 3 and 5 do not apply to Stephanie. (*Compare* Pltfs' Mem. at 1 with *id.* at 3, and Amended Complaint ¶ 48 with *id.* at ¶ 52.)

3

second element of the claim as to Stephanie. (Amended Compl. at ¶¶ 62-63, 68.)  Count 5 must therefore be dismissed.

## II.   Plaintiffs Do Not Plead Stephanie Is A Member Of The Alleged Joint Venture And Thus Do Not State A Claim In Counts 4, 6 And 7

As for the remaining claims, Count 4 (Breach of Fiduciary Duty), Count 6 (Dissolution of the Partnership) and Count 7 (Dissolution), as set forth below, plaintiffs do not plead that Stephanie was a member of the purported joint venture.  Without such a joint venture predicate, Stephanie cannot be a part of any dissolution or declaratory judgment, nor do plaintiffs plead the existence of any fiduciary duty that she could have breached.  Plaintiffs mistakenly conclude that because the allegations against "Defendants" under Counts 4, 6 and 7 are made against all co-venturers, including Stephanie, they have sufficiently pled the existence of a joint venture. (Pltfs' Mem. at 4.)  However, this argument puts the cart before the proverbial horse.  For example, the allegations that Stephanie acted in concert with Noemi and Nicolas to oust plaintiffs from the joint venture agreement do not constitute a breach of fiduciary duty unless plaintiffs sufficiently allege Stephanie first owed such a duty, a foundation the Amended Complaint does not provide. (Amended Compl. at ¶¶ 27-32.)  As outlined below, because plaintiffs have failed to substantively and adequately allege that Stephanie was a member of the partnership/joint venture arrangement, conclusory allegations of wrongful conduct premised on her membership fail to state a claim for relief.[3]  *Frank v. Coldwell Banker Schlott*, 94 Civ. 8181, 1995 U.S. Dist. LEXIS 11556, at *7-8 (S.D.N.Y. Aug. 14, 1995) (holding that agreement with general and open terms

---

[3] The same argument applies to Count 7 of the Amended Complaint for a declaratory judgment.  A claim for a declaratory judgment "is not a cause of action, but a form of relief that may be available if plaintiffs' substantive claims have merit." *Reid v. Supershuttle Int'l, Inc.*, 08-CV-4854, 2010 U.S. Dist LEXIS 26831, at *27-28 (E.D.N.Y. Mar. 22, 2010).  Because plaintiffs fail to plead the existence of a joint venture involving Stephanie, the claims based on that joint venture against Stephanie must be dismissed, leaving no substantive claims in the Amended Complaint to which the declaratory relief could apply.  The Court must therefore dismiss Count 7.

were "too indefinite" to constitute a joint venture, and therefore claims based upon the existence of a joint venture must be dismissed).

To plead a joint venture under New York law,[4] a party must allege five elements: that (1) two or more persons enter into an agreement for profit; (2) the parties intended to be joint venturers; (3) each of the venturers contributes something of value to the joint venture, such as property, skill, knowledge or effort; (4) each co-venturer has some degree of control over the venture; and (5) the co-venturers agree to some division of profit and loss allocation. *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 67-68 (2d Cir. 2003); *Cosy Goose Hellas v. Cosy Goose USA, Ltd.*, 581 F. Supp. 2d 606, 620 (S.D.N.Y. 2008) (Smith, M.J.). The absence of any one element is fatal to the establishment of a joint venture. *Kidz Cloz, Inc. v. Officially for Kids, Inc.*, 320 F. Supp. 2d 164, 171 (S.D.N.Y. 2004).

The Amended Complaint includes a single conclusory and speculative allegation in support of plaintiffs' argument that Stephanie participated in the purported "undocumented joint business venture" between Olivier, Nicolas and Noemi. (Amended Compl. at ¶ 23, Pltfs' Mem. at 1.) Plaintiffs allege that in 2011 "Noemi and Nicolas [Goureau] proposed Defendant Stephanie as an additional joint venturer with an equal share" and that "there was general agreement on this principle . . ." (Amended Compl. at ¶ 23.) However, plaintiffs' opposition memorandum fails to cite the critical caveat set forth in Paragraph 23 of the Amended Complaint: "the terms on which [Stephanie] would join the joint venture **were never fully agreed upon** or reduced to writing." (*Id.*) In other words, there was no true agreement with or as to Stephanie such that the Amended

---

[4] The Amended Complaint refers to the purported business arrangement between the various individuals at times as a joint venture, though at other times as a partnership. The label is a distinction without difference. As Judge Chin explained in *Kidz Cloz, Inc. v. Officially for Kids, Inc.*, "under New York law, the legal consequences of a joint venture are equivalent to those of a partnership." 320 F. Supp. 2d 164, 171 (S.D.N.Y. 2004) (internal citations omitted); *accord N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, 99 Civ. 4643, 2000 U.S. Dist. LEXIS 13139, at *4-5 (S.D.N.Y. Sept. 12, 2000).

Complaint does not and cannot satisfy the first element of a joint venture claim – "two or more persons enter[ing] into an agreement for profit . . ." *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d at 67-68.   Moreover, plaintiffs must do more than plead the simple intent to enter into an agreement. *Zeising v. Kelly*, 152 F. Supp. 2d 335, 347-48 (S.D.N.Y. 2001).   Instead, plaintiffs must demonstrate that Stephanie agreed to contribute her property, interests, skills, and risks such that they became one with those contributions of the other co-venturers, and that each member became subject to the actions of the others.  *Id.* (granting motion to dismiss joint venture related claims where plaintiff did not plead that parties clearly intended to be bound as joint venturers).  The Amended Complaint makes no such allegations.  Second, the Amended Complaint does not include any allegation that Stephanie had any degree of control or authority over the operations, assets or decision-making of the claimed venture.  *Orderline Wholesale Distribs., Inc. v. Gibbons, Green, Van Amerongen, Ltd.*, 675 F. Supp. 2d 122, 127 (S.D.N.Y. 1987).  There are no allegations that Stephanie held any managerial position, made any decisions, undertook any operational initiative or otherwise exercised any control over the purported joint venture.

Finally, while plaintiffs conclude that "on information and belief, Stephanie has claimed and continues to claim an ownership interest in, and a share of the income and profits of, all of the joint venture business entities," plaintiffs offer no additional allegations illuminating how precisely, or even generally, Stephanie purports to make such claims.  Even assuming the other elements of plaintiffs' joint venture theory were supported by allegations in the Amended Complaint, which they are not, there is no allegation that Stephanie ever agreed, contemplated or intended to share in the losses to the joint venture, a fact fatal to the existence of any joint venture arrangement, therefore requiring dismissal. *N. Am. Knitting Mills, Inc. v. Int'l Women's*

*Apparel, Inc.*, 99 Civ. 4643, 2000 U.S. Dist. LEXIS 13139, at *4-5 (S.D.N.Y. Sept. 12, 2000)

(granting motion to dismiss where plaintiff did not plead an agreement "to share the losses of the

enterprise in a general way."); *accord Mallis v. Bankers Trust Co.*, 717 F.2d 683, 690 (2d Cir.

1983); *Cosy Goose Hellas*, 581 F. Supp. 2d at 620.

     The majority of plaintiffs' arguments in opposition to the motion to dismiss rely primarily

on allegations and facts outside of those in complaint.  For example, plaintiffs assert that

Stephanie "had a role in the integrated family business," yet plaintiffs' brief fails to cite to any

allegation in the Amended Complaint which explains or clarifies what Stephanie's role may have

been. (Pltfs' Mem. at 2.)  Indeed, the Amended Complaint includes no allegation that Stephanie

worked for any of the alleged joint venture businesses, possessed the authority or ability to

control the bank or credit card accounts, pay salary to Olivier, or manage "profit participations"

of the overall venture.  (*Id.* at 2-3.)  A claim for relief may not be amended by the briefs in

opposition to a motion to dismiss. *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F.

Supp. 832, 836 (S.D.N.Y. 1988).  Since the sufficiency of plaintiffs' allegations as to Stephanie's

purported role in the "integrated family businesses" is to be determined by relying solely on the

specific pleadings set forth in the Amended Complaint as filed, the Court should not consider the

supplemental arguments or allegations "asserted" in plaintiffs' opposition brief which do not also

appear in the Amended Complaint. *See LBB Corp. v. Lucas Distrib.*, 08 Civ. 4320, 2008 U.S.

Dist. LEXIS 53752, at *9 n.33 (S.D.N.Y. July 14, 2008) (refusing to consider allegations in

opposition to motion to dismiss because the allegations did not appear in the complaint).

     Resting on the conclusory allegation regarding Stephanie's continued claimed interest in

the inadequately pled joint venture, plaintiffs now contend that it is Stephanie's burden to

demonstrate her role in the joint venture, the interest if any she claims, and the role she played in

the purported business arrangement, if any. (Pltfs' Mem. at 5.) Indeed, plaintiffs contend that "[i]f the pleadings do not provide definitive answers to these questions, discovery will." (Pltfs' Mem. At 6.) This argument, however, completely disregards that it is *plaintiffs'* burden to plead the existence of each element any purported joint venture on a motion to dismiss *without further reliance on discovery*; Stephanie has no burden to prove anything on a motion to dismiss, nor may plaintiffs impose the burden of discovery on her when they lack the allegations necessary to even state a claim. *Zeising v. Kelly*, 152 F. Supp. 2d at 347-48; *accord Cosy Goose Hellas,* 581 F. Supp. 2d at 620.   In sum, plaintiffs cannot escape their pleading obligations by placing the onus on Stephanie to allege what they must but cannot.  Counts 4, 6 and 7 should be dismissed.

III.   **Plaintiffs, By Not Amending Their Complaint In Response To Stephanie's Motion, Have Waived Their Opportunity To Seek Further Amendment**

Finally, plaintiffs' request that they be permitted to amend their pleading yet again (Pltfs' Mem. at 6) should be denied.  This Court's Individual Practices gave plaintiffs a choice either to amend or oppose Stephanie's Motion.  In particular, the Individual Practices explain that upon the filing of a motion to dismiss, the non-movant plaintiff may amend its pleading within twenty-one days.  (*See* Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 3(B)).  However, "[i]f the non-moving party elects not to amend its pleading, **no further opportunity to amend will be granted and the motion to dismiss will proceed in the normal course**. (*Id.*) (emphasis added).  Here, plaintiffs chose to rest on the sufficiency of the Amended Complaint in the face of Stephanie's motion to dismiss. *See Brown v. Kay*, No. 11 Civ. 7304, 2012 U.S. Dist. LEXIS 16440, at *24 n.24 (S.D.N.Y. Feb. 9, 2012) (Engelmayer, J.).  Moreover, plaintiffs have already amended their complaint to add allegations as to Stephanie. (*Compare* Amended Complaint, Dkt. No. 10, at ¶ 23 with Complaint, Dkt No. 1, at ¶ 23.)  As such, if the

Court concludes that the Amended Complaint is deficient, plaintiffs should not be given leave to replead, and the Amended Complaint should be dismissed as to Stephanie.

## CONCLUSION

For all of the reasons set forth above, Defendant Stephanie Goureau respectfully requests that the Court grant her motion to dismiss in its entirety with prejudice and grant such other relief as is just and proper.

Dated:  December 27, 2012

Respectfully submitted,

**TANNENBAUM HELPERN**
**SYRACUSE & HIRSCHTRITT LLP**

/s/  Jaclyn H. Grodin
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email – sarkozi@thsh.com
              grodin@thsh.com

*Attorneys for Defendant Stephanie Goureau,*
*Nicolas Goureau, Noemi Goureau,*
*Gooberry Corp.,and Fopps, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on December 27, 2012, and, accordingly, will be sent to the registered participants identified on the Notice of Electronic Filing.

/s/ Jaclyn H. Grodin

9