IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

OLIVIER GOUREAU and OLIVIER GOUREAU,  :
 INC.,                                                         :
                                                                   :
                                                                   :   Civil Action No. 12 cv 6443 (PAE)(DF)
                                                                   :
                                  Plaintiffs,             :    ECF CASE
                                                                   :
         -against-                                        :
                                                                   :
NOEMI GOUREAU, NICOLAS GOUREAU,   :
STEPHANIE GOUREAU, GOOBERY CORP., :
NOG INTERNATIONAL, INC.                       :
and FOPPS, INC.,                                      :
                                                                   :
                                  Defendants.          :
_____        :
                                                                   :
GOOBERRY CORP.,                                  :
                                                                   :
                                  Third Party Plaintiff,   :
                                                                   :
         -against-                                        :
                                                                   :
SACHA GOUREAU,                                   :
                                                                   :
                                  Third Party Defendant.  :
                                                                   :
-------------------------------------------------------------------X

### ANSWER of SACHA GOUREAU TO THIRD PARTY COMPLAINT

Third party defendant Sacha Goureau, for his answer to the third party complaint of defendant

Gooberry Corp. ("Gooberry") herein, states as follows:

1.      Denies Paragraph 1 of the Third Party Complaint.

2.      Admits Paragraph 2 of the Third Party Complaint upon information and belief.

3.      Admits Paragraph 3 of the Third Party Complaint.

4.      Admits that Gooberry purports to assert a federal claim and supplemental jurisdiction

over issues governed by state law, and otherwise denies Paragraph 4 of the Third Party Complaint.

5.      Admits Paragraph 5 of the Third Party Complaint.

6.      Admits the second sentence of Paragraph 6 of the Third Party Complaint and denies the remainder of that paragraph.

7.      Denies the allegations of Paragraph 7 of the Third Party Complaint except admits that the "Courage.B" stores in question were opened within the time period alleged.

8.      Denies the allegations of Paragraph 8 of the Third Party Complaint except admits the existence of a customer information database owned by the Courage.B joint venture.

9.      Denies the allegations of Paragraph 9 of the Third Party Complaint except admits the existence of a customer information database owned by the Courage.B joint venture.

10.     States that he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Third Party Complaint except admits that a database was housed by a third party vendor and denies that Gooberry collected the e-mail addresses therein with the express consent of the recipients.

11.     Admits the allegations contained in the first sentence of Paragraph 11 of the Third Party Complaint and denies the remainder of that paragraph.

12.     Denies the allegations of Paragraph 12 of the Third Party Complaint except admits that he worked on the design and content of the Courage.B website.

13.     Denies the allegations of Paragraph 13 of the Third Party Complaint except admits that he worked with the database and sent e-mail and other notifications to customers of the Courage.B  joint venture.

14.     Denies Paragraph 14 of the Third Party Complaint except admits that Gooberry purported to terminate Olivier, but states that this occurred before any divorce papers were filed and that Olivier filed for a divorce on or about May 10, 2012.

15.     Denies the allegations of Paragraph 15 of the Third Party Complaint.

16.     Denies Paragraph 16 of the Third Party Complaint.

17.     Denies Paragraph 17 of the Third Party Complaint.

18.     Denies Paragraph 18 of the Third Party Complaint except admits that prior to

being terminated he copied certain information from the Courage.B computer terminal that he

had been using in connection with his employment but deny that this information was proprietary

to Gooberry.

19.     Denies Paragraph 19 of the Third Party Complaint.

20.     Denies Paragraph 20 of the Third Party Complaint.

21.     Denies the allegations of Paragraph 21 of the Third Party Complaint except

admits that he temporarily removed from the joint venture offices an external hard drive that

contained some of the information specified, but denies that this information was proprietary to

Gooberry.

22.     Admits that on or about May 2, 2012, he took an external hard drive from the

joint venture offices, and otherwise denies the allegations of Paragraph 22 of the Third Party

Complaint.

23.     Denies the allegations of Paragraph 23 of the Third Party Complaint except

admits that Noemi sought the return of the hard drive in question.

24.     Denies the allegations of Paragraph 24 of the Third Party Complaint except

admits that within days he returned the hard drive after copying some of the information

contained thereon.

25.     Denies Paragraph 25 of the Third Party Complaint.

26.     Denies Paragraph 26 of the Third Party Complaint.

27.     Denies the allegations of Paragraph 27 of the Third Party Complaint except

admits that he accessed the Courage.B database after May 2, 2012.

28.     Denies the allegations of Paragraph 28 of the Third Party Complaint except admits that OGI created a new website and lacks knowledge or information sufficient to form a belief as to the truth or falsity of its allegations about conversations allegedly engaged in by Gooberry employees.

29.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Third Party Complaint.

30.     Denies Paragraph 30 of the Third Party Complaint.

31.     Denies Paragraph 16 of the Third Party Complaint.

32.     Repeats and reallege Paragraphs 1 through 31 herein.

33.     Denies Paragraph 33 of the Third Party Complaint.

34.     Denies Paragraph 34 of the Third Party Complaint.

35.     Denies Paragraph 35 of the Third Party Complaint.

36.     Denies Paragraph 36 of the Third Party Complaint.

37.     Denies Paragraph 37 of the Third Party Complaint.

38.     Denies Paragraph 38 of the Third Party Complaint.

39.     Denies Paragraph 39 of the Third Party Complaint.

40.     Repeats and realleges Paragraphs 1 through 39 herein.

41.     Denies Paragraph 41 of the Third Party Complaint.

42.     Denies Paragraph 42 of the Third Party Complaint.

43.     Denies Paragraph 43 of the Third Party Complaint.

44.     Repeats and realleges Paragraphs 1 through 43 herein.

45.     Denies Paragraph 45 of the Third Party Complaint.

46.     Denies Paragraph 46 of the Third Party Complaint.

47.     Repeats and realleges Paragraphs 1 through 46 herein.

48.     Denies Paragraph 48 of the Third Party Complaint.

49.     Denies Paragraph 49 of the Third Party Complaint.

AFFIRMATIVE DEFENSES

50.     The claims contained in the Third Party Complaint, and each of them, fail to state a claim upon which relief can be granted.

51.     The claims contained in the Third Party Complaint, and each of them, are barred in whole or in part by virtue of the doctrine of estoppel.

52.     The claims contained in the Third Party Complaint s, and each of them, are barred in whole or in part by virtue of Gooberry's unclean hands.

WHEREFORE, Third Party Defendant Sacha Goureau respectfully demands judgment dismissing the Third Party Complaint.


Dated:   White Plains, New York
         January 3, 2013


                          YANKWITT & McGUIRE, LLP

                    By: _____/s/_____
                          Harold F. McGuire, Jr., Esq.
                          Russell M. Yankwitt, Esq.
                          Daniel F. McGuire, Esq.
                          140 Grand Street, Suite 501
                          White Plains, New York 10601
                          Telephone: (914) 686-1500
                          Facsimile:  (914) 801-5930
                          hmcguire@yankwitt.com
                          *Attorneys for Plaintiffs and Third Party Defendant*