IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
OLIVIER GOUREAU and OLIVIER GOUREAU, INC.,

          Plaintiffs,

  -against-

NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE GOUREAU, GOOBERY CORP., NOG INTERNATIONAL, INC. and FOPPS, INC.,

          Defendants.

GOOBERRY CORP.,

          Third Party Plaintiff,

  -against-

SACHA GOUREAU,

          Third Party Defendant.
---------------------------------------------------------------------X

Civil Action No. 12 cv 6443 (PAE)(DF)

ECF CASE

## INITIAL DISCLOSURES OF PLAINTIFFS AND THIRD-PARTY DEFENDANT PURSUANT TO FRCP 26(a)(1)

For their initial disclosures, Plaintiffs Olivier Goureau and Olivier Goureau, Inc. and Third-Party Defendant Sacha Goureau ("Disclosing Parties") state as follows:

1.    <u>Subdivision A(i)</u>: The following individuals are likely to have discoverable information that Disclosing Parties may use to support their claims and defenses:

    a.  <u>Noemi Goureau</u>, 190 East 72nd St., Apt. 8B, New York, N.Y. 10021. Defendant Noemi is a member of the joint venture alleged in the Amended Complaint. She will be required to testify as to the history of that joint venture and the

circumstances that led her to participate in the *de facto* ouster of the Plaintiffs therefrom in May 2012, and will be required to produce records of the constituent businesses including customer lists created and maintained by Plaintiffs. In addition she will be required to testify about the origination and use of the Courage.b trademarks.

b. <u>Nicolas Goureau</u>, 136 East 55th St., Apt. 8A, New York, N.Y. 10022. Defendant Nicolas is Noemi's son, a member of the joint venture since 2009, and a participant in the ouster of Plaintiffs from that joint venture. He also filed fraudulent trademark applications on behalf of Defendant Gooberry Corp. for the Courage.b trademarks originated by Plaintiffs and beneficially owned by Plaintiff Olivier Goureau, Inc. He will be required to testify as to those trademarks and the trademark applications he signed, as well as the nature, management and history of the joint venture businesses and their customer lists, and will be required to produce records in connection with all these matters. He will also be required to testify about his actions in dismissing Third-Party Defendant Sacha Goureau from the joint venture in May 2012, and the alleged merits of the Third-Party Complaint against Sacha.

c. <u>Stephanie Goureau</u>, 420 East 23rd Street, Apt. 13G, New York, N.Y. 10010. Defendant Stephanie is Nicolas's sister and Noemi's daughter. She was employed by the joint venture beginning in [2009], became a joint venturer in 2011, and participated in the ouster of Plaintiffs from that joint venture. She has continued to maintain an interest in the joint venture businesses and will be required to testify and produce documents as to those matters.

    d. <u>Olivier Goureau</u>, 190 East 72nd St., Apt. 8B, New York, N.Y. 10021. Plaintiff Olivier will testify as to all the matters referred to above.

    e. <u>Sacha Goureau</u>, 438 East 75th Street, Apt. 3E, New York, N.Y. 10021. Third-Party Defendant Sacha, a former employee of the joint venture, will testify as to the circumstances surrounding his dismissal from the joint venture businesses in May 2012 and about the facts relating to the alleged removal of certain records from the computer terminal which he used at his work station, as alleged against him in the Third-Party Complaint.

    f. <u>Scott Herckis</u>, SJH Financial, 33 Brodwood Drive, Stamford, CT 06902 (203) 328-9680. Herckis was at one time the accountant for the joint venture and will be required to testify about related financial matters.

    g. <u>Gayer Associates Tax Service</u>, 30 Beekman Place, Suite 1A, New York, NY 10022. Gayer may testify about the financial records of the joint venture businesses which he used in the preparation of various tax returns.

    h. Attorney, name and address not presently available to Disclosing Parties, who was consulted in 2011 about formalizing the joint venture in corporate form.

2.     <u>Subdivision A(ii)</u>**:** Disclosing Parties may use the following presently known documents currently in their possession, custody or control in support of their claims and defenses:

    a. Trade show brochures and invoices reflecting the original use of the Courage.B trademarks by Plaintiffs in 2008 and 2009, prior to the formation of Defendant Gooberry.

    b. Various spreadsheets prepared by members and employees of the joint venture and reflecting aspects of its financial affairs.

    c. Written outline, prepared by an attorney retained for the purpose, of a proposed method for transforming the joint venture into corporate form.

    d. Banking and credit card records for the joint venture's component businesses.

    e. The contents of Sacha's personal computer, to the extent relevant.

It is anticipated that additional documents supporting Disclosing Parties' claims and defenses will be obtained through the discovery process.

3. <u>Subdivision A(iii):</u> Plaintiffs seek damages, costs, disbursements and other just and proper relief for trademark law violations, breaches of fiduciary duty and conversion  Damages have not been computed at this time, owing primarily to the fact that Plaintiffs have been denied access to many of the necessary records and will need to obtain those records through discovery.

4. <u>Subdivision A(iv):</u> Disclosing Parties do not know of any applicable policies of insurance that might satisfy any part of a possible judgment or indemnify or reimburse them for payments made to satisfy any judgment.

Dated:  White Plains, New York
        January 3, 2012

                YANKWITT & McGUIRE, LLP

                By_____/s/_____
                Harold F. McGuire, Jr., Esq.
                Russell M. Yankwitt
                *Attorneys for Plaintiffs and Third-Party Defendant*
                140 Grand Street, Suite 501
                White Plains, NY 10601
                Telephone: (914) 686-1500
                Facsimile:  (914) 801-5930