**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVIER GOUREAU and OLIVIER GOUREAU, INC. | Civil Action No.: |
| Plaintiffs, | 12 cv 6443 (PAE)(DF) |
| -against - | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS IN PART THE AMENDED COMPLAINT** |
| NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE GOUREAU, GOOBERRY CORP., NOG INTERNATIONAL, INC., and FOPPS, INC. | |
| Defendants. | |
| GOOBERRY CORP., | |
| Third Party Plaintiff, | |
| -against- | |
| SACHA GOUREAU, | |
| Third Party Defendant. | |

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

FACTS .............................................................................................................................. 1

THE COURT'S PREVIOUS DECISION ...................................................................... 3

ARGUMENT.................................................................................................................... 5

      I.      MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD.................. 5

      II.     THE AMENDED COMPLAINT FAILS TO ALLEGE THE EXISTENCE OF A JOINT VENTURE WARRANTING JUDGMENT ON THE PLEADINGS TO DISMISS COUNTS 4 AND 6.................................................. 5

      III.    THE DECLARATORY JUDGMENT CLAIM (COUNT 7) MUST BE DISMISSED AGAINST ALL DEFENDANTS TO THE EXTENT THAT IT RELATES TO PLAINTIFFS' JOINT VENTURE ALLEGATIONS................. 12

      IV.    THE TRADEMARK-RELATED CLAIMS AGAINST NOEMI MUST BE DISMISSED ................................................................................................... 12

      V.     PLAINTIFFS SHOULD NOT BE GIVEN LEAVE TO AMEND ..................... 13

CONCLUSION............................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 5

*B. Lewis Prods. v. Angelou,* 01 Civ. 0530, 2003 U.S. Dist. LEXIS 12655
    (S.D.N.Y. July 23, 2003) .................................................................................... 8

*B. Lewis Prods. v. Angelou,* No. 03-7864, 2004 U.S. App. LEXIS 10088
    (2d Cir. N.Y., May 21, 2004)............................................................................. 8

*Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905 (2d Cir. N.Y. 2010) ................... 5

*Cohen v. Local 338-RWDSU/UFCW,* 08 Civ. 01151, 2010 U.S. Dist. LEXIS 81985
    (S.D.N.Y. Aug. 12, 2010) ................................................................................ 13

*Cosy Goose Hellas v. Cosy Goose USA, Ltd.*, 581 F. Supp. 2d 606 (S.D.N.Y. 2008) ................. 6

*Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64 (2d Cir. 2003)................................ 6, 7

*DirectTV Group, Inc. v. Darlene Invs., LLC*, No. 05 Civ. 5819, 2006 U.S. Dist. LEXIS 69129
    (S.D.N.Y. Sept. 27, 2006)................................................................................ 9

*Ely v. Perthuis*, No. 12 Civ. 1078, 2013 U.S. Dist. LEXIS 14952 (S.D.N.Y. Jan. 29, 2013) .... 7, 9

*Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239
    (S.D.N.Y. 2009)............................................................................................. 13

*Kidz Cloz, Inc. v. Officially for Kids, Inc* , 320 F. Supp. 2d 164 (S.D.N.Y. 2004)....................... 6

*Muniz v. Bank of Amer., N.A.*, No. 11 Civ. 8296, 2012 U.S. Dist. LEXIS 97865
    (S.D.N.Y. July 13, 2012) ................................................................................. 5

*N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, 99 Civ. 4643,
    2000 U.S. Dist. LEXIS 13139 (S.D.N.Y. Sept. 12, 2000)...................................... 7, 9

*Reid v. Supershuttle Int'l, Inc.*, 08-CV-4854, 2010 U.S. Dist. LEXIS 26831
    (E.D.N.Y. Mar. 22, 2010) ........................................................................... 12, 13

*Ritani, LLC v. Aghjayan,* 11 CIV. 8928, 2012 U.S. Dist. LEXIS 102078
    (S.D.N.Y. July 18, 2012) ................................................................................ 13

*Scottrade, Inc. v. Broco Invs., Inc.*, 774 F. Supp. 2d 573 (S.D.N.Y. 2011)................................ 5

*Siti-Sites.com, Inc. v. Verizon Commc'ns, Inc.*, 2010 U.S. Dist. LEXIS 137557
    (S.D.N.Y. Dec. 29, 2010) ................................................................................ 8

*Solutia Inc. v. FMC Corp.*, 456 F. Supp. 2d 429 (S.D.N.Y. 2006).............................. 11

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010) ..................................................... 5

*Stratford Group, Ltd. v. Interstate Bakeries Corp.*, 590 F. Supp. 859 (S.D.N.Y. 1984) ............ 8, 9

*US Airways Group v. British Airways Plc*, 989 F. Supp. 482 (S.D.N.Y. 1997) ............. 6, 8, 10, 11

*Zeising v. Kelly*, 152 F. Supp. 2d 335 (S.D.N.Y. 2001) ....................................................... 6, 7, 10

**Rules**
Federal Rule of Civil Procedure 12 ......................................................................................... 3, 5

## PRELIMINARY STATEMENT

Defendants Nicolas Goureau, Noemi Goureau, Fopps, Inc. and Gooberry (collectively, "Defendants") bring this motion for partial judgment on the pleadings to dismiss plaintiffs' claims predicated on a joint venture which they fail to establish in their Amended Complaint. Plaintiffs incorrectly conflate joint cooperation and the parties' decision to work together as satisfying the stringent requirements of establishing a joint venture under New York law. But while the Amended Complaint thoroughly explains plaintiffs' claims to the financial rewards and profits of the purported joint venture and the myriad of responsibilities and rights Olivier Goureau had over the enterprise as a whole, plaintiffs fail to allege that the parties' agreement included the required concurrent obligation to share in the venture's losses, or permitted Nicolas Goureau or Noemi Goureau any measure of joint control. Neither do plaintiffs include any substantive allegation that Noemi Goureau engaged in any of the wrongful conduct forming the basis of the trademark-related claims.

The Amended Complaint suffers from the same failures the Court previously identified as grounds for dismissing another defendant from this lawsuit. Plaintiffs' allegations simply do not meet the requisite standards of facial plausibility necessary to withstand a motion for judgment on the pleadings, and should be dismissed as set forth, *infra*.

## FACTS

### General Allegations of the Amended Complaint

Plaintiff Olivier Goureau ("Olivier") is the husband of defendant Noemi Goureau ("Noemi"), stepfather and uncle of defendant Nicolas Goureau ("Nicolas"), president and owner of plaintiff Olivier Goureau, Inc. ("OGI") and an equal co-owner with Noemi in defendant NOG International, Inc. ("NOG"). (Amended Complaint, hereafter "Amended Compl.", ¶¶ 3-7.) (Dkt. No. 10.) Noemi is also the sole owner of defendant Fopps, Inc. ("Fopps"), a retail clothing store

in Manhattan. (Amended Compl. at ¶ 9.) Nicolas is the President and record owner of defendant Gooberry Corp. ("Gooberry"). (*Id.* at ¶ 8.)

Plaintiffs allege that Olivier was the *de facto* chief executive of all of the constituent businesses. (Amended Compl. at ¶ 26.) In connection with his executive status, Olivier, according to plaintiffs, decided when and where to open all new retail stores; Olivier was in charge of all purchasing for each of the stores; Olivier supervised the hiring and firing of all employees at each store; Olivier supervised all sales procedures; Olivier had principal signatory authority over all bank and credit card accounts. (*Id.* at ¶ 22(g).) The Amended Complaint contends that Nicolas and Noemi assisted only as Olivier needed. (*Id.* at ¶ 22.) According to plaintiffs, it was anticipated by the co-venturers that each would have ownership interests in the joint venture as a whole and would receive financial rewards from the success of the joint venture businesses as a whole – including Gooberry. (*Id.* at ¶ 25.)

Plaintiffs allege that OGI originated the trademarks associated with the "Courage.B" line of clothing and accessories (the "Courage Marks") sold by Fopps, Gooberry, OGI and NOG. According to plaintiffs, only they had authority to register the trademarks and use and/or license goods bearing those marks, and that any use of the Courage Marks by NOG, Fopps or Gooberry was done with the express permission of OGI. (*Id.* at ¶¶ 12-15.) In late 2010, Nicolas submitted applications to the United States Patent and Trademark Office to register the Courage Marks in Gooberry's name, which applications were granted in 2011. (*Id.* at ¶¶ 17, 19.) Plaintiffs claim that as a result of this improper registration, OGI has been deprived of ownership of the Courage Marks, and that Gooberry's and Fopps' continued use of the Courage Marks on goods sold by those entities violates the Lanham Act as well as related common law claims. (*Id.* at ¶¶ 34-48.)

2

According to the Amended Complaint, since 2008 Olivier, Noemi and (starting in 2009) Nicolas have engaged in "an undocumented joint venture arrangement [that] operated the group of family-owned businesses (OGI, NOG, Gooberry and FOPPS) as one integrated unit." (Amended Compl. at ¶ 22.) In early 2012 the Amended Complaint alleges that the parties came to a general agreement about adding an additional joint venturer, though the terms of that participation were never fully agreed upon or reduced to writing. (*Id.* at ¶23.) At the end of April 2012, plaintiffs claim that Olivier's role in the purported joint venture was eliminated after he commenced divorce proceedings against Noemi. (*Id.* at ¶ 27.) Since then, plaintiffs allege that defendants have improperly deprived Olivier of access to the assets and books and records of the alleged joint venture. (*Id.* at ¶¶ 27-28.)

The Amended Complaint asserts claims under the Lanham Act based on Nicolas' and/or Gooberry's purported fraudulent registration of the Courage Marks (Count 1) and defendants' alleged false descriptions, confusion and dilution of the Courage Marks (Count 2). The Amended Complaint also asserts that "Defendants were unjustly enriched" from their use of the Courage Marks (Count 3), that defendants breached their duties as joint venturers (Count 4), that Nicolas converted the Courage Marks and Goureau's customer lists (Count 5), and that the purported joint venture should be dissolved (Count 6). Finally, the Amended Complaint includes a Declaratory Judgment claim (Count 7) which seeks a judgment "setting forth the legal relations of the individual parties and their rights to the assets, income, and profits of the corporate defendants consistent with the facts developed during discovery and presented at trial."

## THE COURT'S PREVIOUS DECISION

Plaintiffs commenced this action on August 23, 2012, and filed an Amended Complaint on November 13, 2012. Stephanie Goureau ("Stephanie"), an original defendant in this lawsuit, filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on

3

November 30, 2012, arguing that plaintiffs failed to adequately plead that she was a member of the alleged joint venture or had engaged in any of the wrongful conduct forming the basis of the trademark-related claims. The Court granted Stephanie's motion with prejudice on February 4, 2013 and issued a 12-page written decision ("Order") (Dkt. No. 32.).

The Court found that the Amended Complaint did not include any allegations of conduct by Stephanie relating to the trademarks plaintiffs claim to own, and therefore dismissed Counts One, Two, Three and Five. With respect to the plaintiffs' claims that Stephanie participated in the purported joint venture agreement, the Court further held that the Amended Complaint fell "far short of alleging facts sufficient to make out all required elements of a joint venture under New York law." (Order at 7.) Specifically, the Amended Complaint failed to allege at least three of the elements necessary to establish a joint venture: (1) "a contribution of property, financing, skill, knowledge, or effort"; (2) "some degree of joint control over the venture"; and (3) an agreement to share in the losses as well as the profits of the alleged joint venture.

The Court's decision highlighted plaintiffs' allegations that Olivier was the "primary operator and manager of the joint venture" and that there were no claims that "Stephanie participated in any decision of the venture. . . ." in support of the conclusion that plaintiffs failed to satisfy the control element of a joint venture. (Order at 9.) Additionally, the Court focused on the plaintiffs' failure to allege that there was an agreement to share in the losses as well as the profits of the joint venture. (*Id*. at 9.) The Court concluded: "The unavoidable conclusion is that the Amended Complaint fails to allege that Stephanie agreed to participate in a joint venture. This lapse, in turn, undermines each of the three claims (Counts 4, 6 and 7) that plaintiffs assert they have raised against Stephanie."

4

**ARGUMENT**

I.    **MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD**

The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to

Fed. R. Civ. P. 12(c) motions for judgment on the pleadings. *Bank of N.Y. v. First Millennium,*

*Inc.*, 607 F.3d 905, 922 (2d Cir. N.Y. 2010). Thus, to survive a Rule 12(c) motion, the complaint

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Scottrade, Inc. v. Broco Invs., Inc.*, 774 F. Supp.

2d 573, 577 (S.D.N.Y. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). However,

where the factual allegations permit no reasonable inference stronger than the "mere possibility

of misconduct," the complaint should be dismissed. *Starr v. Sony BMG Music Entm't*, 592 F.3d

314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Where, as here, a complaint pleads

facts that "'[stop] short of the line between possibility and plausibility of entitlement to relief,'

those claims must be dismissed." *Iqbal*, 556 U.S. at 678 (internal quotations and citations

omitted). "Ultimately, where the plaintiff's claims have not been nudged . . . across the line from

conceiveable to plausible, the complaint must be dismissed." *Muniz v. Bank of Amer., N.A.*, No.

11 Civ. 8296, 2012 U.S. Dist. LEXIS 97865, at *6 (S.D.N.Y. July 13, 2012) (Engelmayer, J.)

(internal citations and quotations omitted).

II.   **THE AMENDED COMPLAINT FAILS TO ALLEGE THE EXISTENCE OF A
      JOINT VENTURE WARRANTING JUDGMENT ON THE PLEADINGS TO
      DISMISS COUNTS 4 AND 6.**

Plaintiffs make claims against all remaining defendants for breach of fiduciary duty

(Count 4) and dissolution of a partnership (Count 6), and seek a declaratory judgment to, in part,

declare the rights and interests of Olivier, Noemi and Nicolas with respect to the assets, income

5

and profits of the alleged joint venture (Count 7). Each of these claims is predicated on the conclusion that a viable joint venture exists;[1] as such, plaintiffs' failure to first plead facts establishing a joint venture requires their dismissal. *Zeising v. Kelly*, 152 F. Supp. 2d 335, 347 (S.D.N.Y. 2001).

To plead a joint venture under New York law, a party must allege five elements: that (1) two or more persons enter into an agreement for profit; (2) the parties intended to be joint venturers; (3) each of the venturers contributes something of value to the joint venture, such as property, skill, knowledge or effort; (4) each co-venturer has some degree of control over the venture; and (5) the co-venturers agree to some division of profit and loss allocation. *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 67-68 (2d Cir. 2003); *Cosy Goose Hellas v. Cosy Goose USA, Ltd.*, 581 F. Supp. 2d 606, 620 (S.D.N.Y. 2008) (Smith, M.J.). As the Court explained, the absence of any one element is fatal to the establishment of a joint venture. (Order at 8.); *Zeising*, 152 F. Supp. 2d at 347-48.

Second Circuit precedent is clear that parties merely sharing a joint interest in the success of a business does not by itself create a joint venture. *Dinaco*, 346 F.3d at 68; *see also US Airways Group v. British Airways Plc*, 989 F. Supp. 482, 493 (S.D.N.Y. 1997). It is therefore insufficient "for a plaintiff to allege mere joint ownership, a community of interest, or a joint interest in profitability" to satisfy the requirements of a joint venture. *Zeising*, 152 F. Supp. 2d at 347. Here, plaintiffs' claim that a joint venture exists fails on at least three separate grounds.

---

[1] The Amended Complaint refers to the purported business arrangement between the various individuals at times as a joint venture, though at other times as a partnership. The label is a distinction without difference. Under New York law, the legal consequences of a joint venture are equivalent to those of a partnership. *Kidz Cloz, Inc. v. Officially for Kids, Inc* , 320 F. Supp. 2d 164, 171 (S.D.N.Y. 2004) (internal citations omitted); *accord N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, 99 Civ. 4643, 2000 U.S. Dist. LEXIS 13139, at *4-5 (S.D.N.Y. Sept. 12, 2000).

First, as the Court previously explained, in order for an agreement to satisfy the requirements of a joint venture, the parties must agree to share in both the profits <u>and</u> the losses of the venture. (Order at 9.) This requirement is an "indispensable" component of any joint venture. *Zeising*, 152 F. Supp. 2d at 347; *accord N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, 99 Civ. 4643, 2000 U.S. Dist. LEXIS 13139, at *4-5 (S.D.N.Y. Sept. 12, 2000) (granting motion to dismiss where plaintiff did not plead an agreement "to share the losses of the enterprise in a general way."). Here, while the Amended Complaint includes allegations related to a purported agreement among Olivier, Noemi and Nicolas to share in the "financial rewards from the success of the joint venture" – in other words, the profits of the business arrangement – there is no allegation asserting that the agreement included a parallel obligation for the parties to share in any <u>losses</u> that the businesses would suffer. (Amended Compl. at ¶ 25; *see also* ¶¶ 22(a), (b) and 33.); *see Ely v. Perthuis*, No. 12 Civ. 1078, 2013 U.S. Dist. LEXIS 14952, at *18 n.5 (S.D.N.Y. Jan. 29, 2013) (holding that no partnership or joint venture existed where complaint alleged only that there was an agreement to share in the commissions or equity of the business relationship, "thereby referencing only profits.). As this Court held: "[S]hared profits are simply not enough" to satisfy this element of a joint venture. (Order at 9.)

Plaintiffs' allegations demonstrate no more than that under the agreement they claim existed between the parties, they were entitled to a share of any <u>profits</u> the various entities may have realized. (Amended Compl. at ¶¶ 22(a)-(b), 25 and 33.) There is no allegation, for example, that plaintiffs agreed to accept the risk of Gooberry's or Fopps' businesses. *See e.g. Dinaco,* 346 F.3d at 67-68 (dismissing joint venture related claims where plaintiff did not allege any agreement to share in losses). Neither is there any allegation that plaintiffs guaranteed or agreed to guaranty Gooberry's or Fopps' financial or contractual obligations. *See id.* There is no

allegation that plaintiffs did in fact at any point share in any losses associated with Gooberry or Fopps.

Moreover, plaintiffs' joint venture claim gains little from the Amended Complaint's allegations that Olivier was the record owner of OGI, a 50% owner of NOG and that all parties had an interest in the others succeeding in their respective businesses. (Amended Compl. at ¶¶ 4, 5 and 25.) This Court has held that a financial interest in ensuring that another succeeds in its business is <u>insufficient</u> to create a joint venture, as there must be an agreement to "*submit to the burden of making good the losses*". *Siti-Sites.com, Inc. v. Verizon Commc'ns, Inc.*, 2010 U.S. Dist. LEXIS 137557, at *16-17 (S.D.N.Y. Dec. 29, 2010) *aff'd*, 428 F. App'x 100 (2d Cir. 2011) (emphasis in original) (internal citation omitted); *accord US Airways Group*, 989 F. Supp. at 493 (S.D.N.Y. 1997).

Second, plaintiffs have failed to plead any degree of joint control, another necessary element of a joint venture. *See generally B. Lewis Prods. v. Angelou*, 01 Civ. 0530, 2003 U.S. Dist. LEXIS 12655, at *37 n.7 (S.D.N.Y. July 23, 2003), *rev'd in part on other grounds, B. Lewis Prods. v. Angelou*, No. 03-7864, 2004 U.S. App. LEXIS 10088 (2d Cir. N.Y., May 21, 2004); *Stratford Group, Ltd. v. Interstate Bakeries Corp.*, 590 F. Supp. 859, 863-64 (S.D.N.Y. 1984). Indeed, plaintiffs' allegations suggest *sole control* by Olivier: According to the Amended Complaint, Olivier was the *de facto* chief executive of the businesses, managed all of the businesses full time, made all decisions related to the operation, was responsible for the development and purchasing for each of the businesses, and supervised all employment decisions each company made. (Amended Compl. at ¶¶ 22(g) and 25.) For example, plaintiffs allege that Olivier had full control and authority over the following aspects of the purported joint venture:

- Olivier managed NOG, Fopps, OGI and Gooberry full time;

- Olivier decided when and where to open all new retail stores;

- Olivier was in charge of all purchasing for each of the stores;

- Olivier supervised the hiring and firing of all employees at each store;

- Olivier supervised all sales procedures;

- Olivier had principal signatory authority over all bank and credit card accounts; and

- Olivier served as the *de facto* chief executive of NOG, Gooberry, Fopps, and OGI.

(Amended Compl. at ¶¶ 22(g), 25 and 26.)

It is, therefore, difficult to perceive from the Amended Complaint precisely what role, if any, Nicolas or Noemi had in the management and operation of any of the businesses, other than to provide some unspecified "assistance." (Amended Compl. at ¶ 22(g).); *Ely*, 2013 U.S. Dist. LEXIS 14952, at *18 n.5. A joint venture requires *joint* control, and obligates each venturer to share in, and not hold all of, the overall control of the underlying business arrangement. *Stratford Group, Ltd.*, 590 F. Supp. at 863-64 (finding that where one member of an alleged joint venture had total control over day to day management of alleged venture, the joint control element was lacking and no joint venture existed); *see DirectTV Group, Inc. v. Darlene Invs., LLC*, No. 05 Civ. 5819, 2006 U.S. Dist. LEXIS 69129, at *16 (S.D.N.Y. Sept. 27, 2006); *N. Am. Knitting Mills, Inc.*, 2000 U.S. Dist. LEXIS 13139, at *4-6 (dismissing joint venture claim where plaintiff claimed it had responsibility for hiring and firing of employees). The Amended Complaint is bereft of allegations of factual content to assert joint control, and thus the joint venture claim must be dismissed.

Finally, the Court's dismissal of Stephanie from the action highlights the fact that not even plaintiffs themselves understand the precise membership, scope or terms of the agreement

governing the joint venture, thereby precluding a finding that there was a defined agreement in place related to the purported business arrangement.  Plaintiffs allege on the one hand that all of the relevant corporate entities and all of the individual parties worked together as members of the joint venture and were aware of their membership responsibilities and rights, while on the other claim that Olivier had near complete control over the businesses and that Stephanie was a co-venturer, even though the Court held the Amended Complaint did not sufficiently allege Stephanie had any role in any business or that the parties came to any mutual agreement to include her.  The informal and unclear status of the membership coupled with the lack of any perceived substantive role in the management and operation of the arrangement apart from Olivier's *de facto* executive status does not permit the conclusion that the parties entered into, much less intended to enter into, *any* form of a joint venture.  *See US Airways Group*, 989 F. Supp. at 493 ("Entry into a series of cooperative agreements does not manifest an intent to enter into a joint venture.")

That the parties may have entered into an agreement to combine resources in connection with the operation of the respective corporate entities does not create a joint venture where the parties have not otherwise manifested their intent to become bound by the terms of that joint venture.  As the Court in *Zeising* explained, "[t]he ultimate inquiry, however, is whether the parties have so joined their property, interests, skills and risks their contributions have become one and their commingled properties and interests have been made subject to each of the others' actions. . . ." 152 F. Supp. 2d at 348 (dismissing claims based on joint venture where plaintiff's allegations regarding intent merely asserted that the underlying agreement had a "purpose of which was to combine resources and efforts to create an effective business plan").  Plaintiffs' allegations that the parties contemplated formalizing the terms of a joint venture (Amended

10

Comp. at ¶ 23) also does nothing to support the conclusion that the parties intended or were otherwise already operating as a joint venture. *Solutia Inc. v. FMC Corp.*, 456 F. Supp. 2d 429, 445 (S.D.N.Y. 2006) ("The mere fact that the parties anticipated a joint venture would eventually be created is insufficient to create a joint venture, especially where the specified conditions precedent to the formation of the joint venture were not satisfied.") (internal citations and quotations omitted).

Even taking all allegations as true, as the Court must when evaluating a motion for judgment on the pleadings, the Amended Complaint fails to adequately plead the existence of a joint venture. As the Court explained in *US Airways Group* in holding that the pleadings did not satisfy the joint venture requirements with respect to two distinct but cooperating companies:

> No new entity was created. The two companies decided to work together and form an alliance, because both initially thought it would be a productive one. Many companies seek to cooperate with each other and reach agreements to implement such cooperation. However, most of these agreements do not create joint ventures. A joint venture represents more than a simple contractual relationship.

989 F. Supp. at 493 (emphasis added) (internal citations and quotations omitted). Here, when viewing the allegations in a light most favorable to plaintiffs, the Amended Complaint does nothing more than assert that various entities worked together at times to increase the degree of success for each company. A joint venture, however, requires more.

Counts 4 and 6 are predicated on the existence of a joint venture. As plaintiffs have failed to adequately plead three key elements to establish such a joint venture, the Court should dismiss these claims with prejudice.

11

**III.   THE DECLARATORY JUDGMENT CLAIM (COUNT 7) MUST BE DISMISSED AGAINST ALL DEFENDANTS TO THE EXTENT THAT IT RELATES TO PLAINTIFFS' JOINT VENTURE ALLEGATIONS**

Plaintiffs request in Count 7 for declaratory relief "setting forth the legal relations of the individual parties and their rights to the assets, income, and profits of the corporate defendants consistent with the facts developed during discovery and presented at trial" should be dismissed on the pleadings as well, to the extent that it is founded on the Amended Complaint's joint venture theory.  A request for a declaratory judgment rests upon first establishing that a related substantive claim is viable. *Reid v. Supershuttle Int'l, Inc.*, 08-CV-4854, 2010 U.S. Dist. LEXIS 26831, at *27-28 (E.D.N.Y. Mar. 22, 2010) ("A declaratory judgment, however, is not a cause of action, but a form of relief that may be available *if plaintiffs' substantive claims have merit*.") (emphasis added).  As set forth in Section II, *supra*, Plaintiffs fail to establish the necessary prerequisite to any liability based upon the existence of a joint venture.  Since no "actual controversy" exists as to the joint venture theory of liability, any claim for declaratory relief predicated on a joint venture in Count 7 should be dismissed.

**IV.   THE TRADEMARK-RELATED CLAIMS AGAINST NOEMI MUST BE DISMISSED**

Plaintiffs' allegations fail to state any claim against Noemi regarding the alleged improper registration and use of the Courage Marks.  There is no allegation that Noemi participated in any misrepresentation that led to a fraudulent registration (Count 1), has used the Courage Marks (Count 2), has been unjustly enriched or received any benefit in connection with the Courage Marks (Count 3), or exercised dominion over the Courage Marks or any customer list (Count 5).

"When a complaint names defendants in the caption but makes no substantive allegations against them in the body of the pleading, the complaint does not state a claim against these

12

defendants." *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 251 (S.D.N.Y. 2009) (denying motion to amend on the basis of futility where proposed amendment failed to include any allegations connecting the defendants to the alleged wrongdoing); *accord Cohen v. Local 338-RWDSU/UFCW*, 08 Civ. 01151, 2010 U.S. Dist. LEXIS 81985, at *16-17 (S.D.N.Y. Aug. 12, 2010); *see generally Ritani, LLC v. Aghjayan,* 11 CIV. 8928, 2012 U.S. Dist. LEXIS 102078, at *26 (S.D.N.Y. July 18, 2012). Here, plaintiffs do not allege that Noemi engaged in any wrongful conduct related to the trademark claims, assigning to Nicolas and Gooberry collective and sole liability. Plaintiffs therefore fail to state a claim for Counts 1, 2, 3 or 5 and the Court should dismiss those claims against Noemi.

Similarly, for the reasons set forth in Section III, *supra*, Plaintiffs request for declaratory relief as to the Courage Marks with respect to Noemi fails as well. The Amended Complaint alleges that only *Nicolas* engaged in wrongful conduct in connection with his registration, on behalf of Gooberry, of the Courage Marks, and does not allege anywhere that Noemi herself used the Courage Marks, apart from the generic allegations against all defendants in Count 2. A request for a declaratory judgment rests upon first establishing that a related substantive claim is viable. *Reid,* 2010 U.S. Dist. LEXIS 26831, at *27-28. Because the trademark claims are not viable as to Noemi, no "actual controversy" exists as between her and plaintiffs, and Count 7 should therefore be dismissed.

## V.    PLAINTIFFS SHOULD NOT BE GIVEN LEAVE TO AMEND

As the Court is aware, plaintiffs have already unsuccessfully amended their pleadings in order to satisfy Rule 8's requirements. Moreover, when faced with the previous motion to dismiss Stephanie, plaintiffs chose to rest of the sufficiency of the Amended Complaint. The Court recognized plaintiffs' failure to take advantage of the "ample opportunities" to amend their pleadings and denied their request to amend if the Court determined that the Amended

Complaint insufficiently pled facts to sustain the claims against Stephanie. (Order at 11.) As such, if the Court concludes yet again that the Amended Complaint is deficient, plaintiffs should not be given leave to replead, and judgment on the Amended Complaint should be granted to dismiss with prejudice the joint venture claims in their entirety (Counts 4 and 6), the trademark claims (Counts 1, 2, 3 and 5) against Noemi, Count 7 against all defendants to the extent that it is premised on joint venture liability, and as to Noemi to the extent it is premised on the Courage Marks.

## CONCLUSION

For all of the reasons set forth above, Defendants' motion for judgment on the pleading to dismiss certain claims against Gooberry Corp., Fopps, Inc., Nicolas Goureau and Noemi Goureau should be granted with prejudice and the Court should grant such other relief as is just and proper.

Dated:  February 12, 2013

Respectfully submitted,

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP

/s/  Jaclyn H. Grodin
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email:    sarkozi@thsh.com
              grodin@thsh.com

*Attorneys for
Defendant/Counterclaimants/Third-Party
Plaintiff Gooberry Corp., and Defendants
Fopps, Inc., Nicolas Goureau and Noemi
Goureau*

14

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document was filed through the ECF system on February 12, 2013, and, accordingly, will be sent to the registered participants identified on the Notice of Electronic Filing.

<u>/s/ Jaclyn H. Grodin</u>