IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OLIVIER GOUREAU and OLIVIER GOUREAU, INC.,

                    Plaintiffs,

-against-

NOEMI GOUREAU, NICOLAS GOUREAU,
GOOBERY CORP., NOG INTERNATIONAL, INC.
and FOPPS, INC.,

                    Defendants.
------------------------------------------------------------------------X

Civil Action No. 12 cv 6443 (PAE)

ECF CASE

### Plaintiffs' Memorandum of Law in Support of their Cross-Motion for Leave to File a Second Amended Complaint

Olivier Goureau and Olivier Goureau, Inc., ("Plaintiffs") seek leave to file the Second Amended Complaint attached to the accompanying declaration of Harold F. McGuire, Jr. The proposed amendments do not change the substance of this action or add new claims, but merely allege with greater specificity and additional documentation the preexisting claims in Counts 4, 6, and 7. Those claims seek relief for defendants' unlawful actions to deprive plaintiffs of the fruits of an undocumented joint venture. They are described in this Court's previous opinion of February 4, 2013, which requires no repetition.

The proposed Second Amended Complaint also makes minor stylistic changes that do not affect the substance of the claims alleged.

### Procedural History

On August 23, 2012, Plaintiffs filed their initial Complaint. Its factual allegations were basically in two parts. Part 1 alleged that Defendants had fraudulently registered two valuable

trademarks (referred to as the "Courage Marks" throughout the pleadings), diluted those marks and caused confusion in the market through their unauthorized use, unjustly enriched themselves by profiting from the use of the Courage Marks, and converted the Courage Marks to their own use. Part 2 alleged that the parties had for some years been in business together in an undocumented joint venture, which Defendants unlawfully terminated by locking Plaintiffs out of the constituent businesses in April 2012, preventing access to the records of those businesses, and seizing their assets, including the trademarks. The original Complaint sought correction of the trademark registrations, damages, a dissolution of the joint venture, declaratory and other relief. Significantly, among the relief requested was full access to the business records of the alleged joint venture.

On November 13, 2012, Plaintiffs filed an Amended Complaint with Defendants' consent. The claims and requested relief remained essentially the same.[1] All Defendants except for Stephanie Goureau answered, but on November 30, 2012 Stephanie moved to dismiss the complaint as against her. This Court granted her motion with prejudice on February 4, 2013, basically because Stephanie played a "cameo role" and her participation in the joint venture was alleged with insufficient specificity.

Having already answered, the remaining defendants have now moved for judgment on the pleadings as to all the joint venture claims in the Amended Complaint, contending in substance that (like the Stephanie allegations) they are stated with insufficient specificity and do not properly allege all the material elements of a joint venture. Instead of contesting that motion, plaintiffs make this cross-motion for permission to file a proposed Second Amended Complaint,

---

[1] The Amended Complaint clarified the status of NOG, which had originally been named as a plaintiff. Upon informal objection from defendants that NOG was equally owned by one of the defendants and that plaintiffs therefore had no standing to sue on its behalf, the original complaint was amended to make NOG a defendant and a stipulation was entered into and "so ordered" concerning its status.

which contains additional factual allegations designed to cure these alleged technical pleading deficiencies.  Defendants have been given a draft of the proposed Second Amended Complaint and have declined to consent to its filing.  They have stated no reason for this but have informed us that they will move to dismiss the Second Amended Complaint even if the Court sees fit to grant this motion.

### Informal Discovery to Date

In an effort to spark settlement negotiations, as the Court ordered, the parties have engaged in some informal discovery.  Plaintiffs have produced all relevant documents currently in their possession, custody or control, but this production has been sparse owing to the fact that plaintiffs have been denied access to their own business records and therefore do not have much to produce.  Defendants' production has likewise been limited – but it has included some fragmentary business records, including two proposed exhibits that are now attached to the proposed Second Amended Complaint and that serve to bolster the allegations that a joint venture existed.  Owing to the fact that plaintiffs have generally been denied access to records of the businesses which the parties operated in common for four years, those exhibits -- and thus the factual allegations based thereon -- were not available to plaintiffs until recently.  It is anticipated that further discovery will result in the production of a great deal of similar material.

### Argument

Rule 15 provides that leave to amend should be liberally granted.  Fed. R. Civ. P. 15(a)(2)  ("The court should freely give leave when justice so requires.").  This rule reinforces the principle that "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Williams v. Citigroup, Inc.,* 659 F.3d 208, 213 (2nd Cir. 2011).  Here, the "merits" of plaintiffs'

claims include the proposition (apparently contested) that the plaintiffs should have complete access to their own business records in order to support their joint venture allegations with chapter and verse.  The fact that no such access has been permitted to date should weigh heavily in the Court's consideration of this motion.

Of course, a district court may, in its discretion "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200-201 (2nd. Cir. 2007).  None of those circumstances can possibly be said to be present here.

"Leave to amend may also be denied on the ground of futility if the proposed amendment fails to state a legally cognizable claim…" *AEP Energy Servs. Gas Holding Co. v. Bank of America., N.A..,* 626 F.3d 699, 725 (2nd Cir. 2010).  Here plaintiffs seek merely to correct technical deficiencies in the previous pleading, such as its failure in some places to state specifically that the parties agreed to share losses as well as profits from the joint venture (*but see, e.g.* Dkt. 10 at par. 52) and to add facts which can now for the first time be specifically documented (albeit in fragmentary fashion) as a result of defendants' preliminary and informal document production.  The underlying facts, as restated and supplemented by the recently-produced documents, are plainly "a proper subject of relief" because they support the proposition that there was an active joint venture, that the parties contributed skill and knowledge to the joint venture, and that the parties actually shared profits and losses.  *Williams,* 659 F.3d 208 at 213.  As this Court stated in its earlier opinion, even the original "Amended Complaint clearly alleges … the existence of a joint venture, and … how the joint venture operated and the role that each party played." (Dkt. 32 at p. 6)  Under *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) and its progeny, that complaint, as further amended, should certainly be a sufficient pleading for present

purposes.

It should be noted that prior to filing their motion for judgment on the pleadings, defendants did not make any effort to discuss the alleged deficiencies in the Amended Complaint with plaintiffs' counsel.  Had they done so, they would have readily discovered that any perceived pleading problem was not an issue of substance but merely of form, and easily cured.

## Conclusion

Plaintiffs submit that the proposed amendment is proper and just under Rule 15. Plaintiffs do not seek to plead new counts or introduce new parties.  The proposed amendments have been timely sought and can result in no prejudice to Defendants.  Accordingly, plaintiffs respectfully request that the Court grant their motion for leave to amend.

Dated:  March 11, 2013

        YANKWITT & McGUIRE, LLP

    By:       /s/
        Harold F. McGuire, Jr., Esq.
        Daniel F. McGuire, Esq.
        140 Grand Street, Suite 501
        White Plains, New York 10601
        Telephone: (914) 686-1500
        Facsimile:  (914) 801-5930
        hmcguire@yankwitt.com
        *Attorneys for Plaintiffs Olivier Goureau and Olivier Goureau, Inc.*