**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVIER GOUREAU and OLIVIER GOUREAU, INC. ) | Civil Action No.: |
| ) | 12 cv 6443 (PAE)(DF) |
| Plaintiffs, ) | |
| ) | |
| -against - ) | **MEMORANDUM OF** |
| ) | **LAW IN OPPOSITION** |
| NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE ) | **TO PLAINTIFFS'** |
| GOUREAU, GOOBERRY CORP., NOG ) | **MOTION FOR LEAVE** |
| INTERNATIONAL, INC., and FOPPS, INC. ) | **TO AMEND** |
| ) | |
| Defendants. ) | |
| ) | |

| |
|---|
| GOOBERRY CORP., ) |
| ) |
| Third Party Plaintiff, ) |
| ) |
| -against- ) |
| ) |
| SACHA GOUREAU, ) |
| ) |
| Third Party Defendant. ) |
| ) |

## Table of Contents

**Page**

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES .............................................................................. ii

PRELIMINARY STATEMENT ........................................................................ 1

PROCEDURAL HISTORY ............................................................................... 2

ANALYSIS .......................................................................................................... 5

    I.      Defendants' Motion for Judgment on the Pleadings............................ 5

    II.     Standard for Motion to Amend After Deadline to Amend Has Passed ................ 6

    III.    Plaintiffs' Motion For Leave To Amend Should Be Denied Because
           Plaintiffs Failed to Meet Rule 16's Good Cause Standard .................................. 8

    IV.    Plaintiffs' Motion For Amend Should Be Denied Because the Proposed
           Amended Pleading Still Does Not Allege the Existence of Joint Venture
           And Therefore the Amendment is Futile ............................................................ 12

          A.  Leave to Amend Should Be Denied Because It Fails to Adequately
               Plead Joint Control And Is Therefore Futile............................................... 13

          B.  The Proposed Complaint Is Futile Because It Fails to Adequately Allege
               That The Parties Agreed To Share Losses.................................................. 15

          C.  The Proposed Complaint Is Futile Because It Fails to Adequately Allege
               The Terms of a Viable Joint Venture Agreement......................................... 16

CONCLUSION.................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

*B. Lewis Prods. v. Angelou,*
   01 Civ. 0530, 2003 U.S. Dist. LEXIS 12655 (S.D.N.Y. July 23, 2003) .............................. 13

*B. Lewis Prods. v. Angelou,*
   No. 03-7864, 2004 U.S. App. LEXIS 10088 (2d Cir. N.Y., May 21, 2004) ....................... 13

*Bd. of Trs. of Ft. Lauderdale Gen. Emples. Ret. Sys. v. Mechel OAO,*
   811 F. Supp. 2d 853 (S.D.N.Y. 2011)............................................................................7, 12

*Bigio v. Coca-Cola Co.,*
   97 Civ. 2858, 2010 U.S. Dist. LEXIS 86890 (S.D.N.Y. Aug. 23, 2010) ............................ 16

*Conde v. Sisley Cosmetics USA, Inc.,*
   No. 11 Civ. 4010, 2012 U.S. Dist. LEXIS 72726 (S.D.N.Y. May 22, 2012)...................... 12

*Cosy Goose Hellas v. Cosy Goose USA, Ltd.,*
   581 F. Supp. 2d 606 (S.D.N.Y. 2008)................................................................................. 12

*Dinaco, Inc. v. Time Warner, Inc.,*
   346 F.3d 64 (2d Cir. 2003)................................................................................................. 12

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,*
   282 F.3d 83 (2d Cir. 2002)................................................................................................. 12

*Ely v. Perthuis,*
   12 Civ. 1078, 2013 U.S. Dist. LEXIS 14952 (S.D.N.Y. Jan. 29, 2013)........................ 13, 16

*Int'l Media Films, Inc. v. Lucas Entm't, Inc.,*
   07 Civ. 1178, 2008 U.S. Dist. LEXIS 27989 (S.D.N.Y. Apr. 8, 2008)................................. 9

*McCarthy v. Dun & Bradstreet Corp.,*
   482 F.3d 184 (2d Cir. 2007)................................................................................................. 6

*McGhan v. Ebersol,*
   608 F. Supp. 277, 284 (S.D.N.Y. 1985) ............................................................................ 15

*Mendelson v. Feinman,*
   143 A.D.2d 76 (N.Y. App. Div. 2d Dep't 1988) ................................................................ 15

*Nightingale Group, LLC v. Cw Capital Mgmt.*,
    11 Civ. 9293, 2012 U.S. Dist. LEXIS 93197 (S.D.N.Y. July 5, 2012) .............................. 6, 7

*Oscar v. BMW of N. Am., Inc.*,
    09 Civ. 11, 2011 U.S. Dist. LEXIS 146395 (S.D.N.Y. Dec. 20, 2011).......................... 7, 8, 9

*Parker v. Columbia Pictures Indus.*,
    204 F.3d 326 (2d Cir. N.Y. 2000)................................................................................. 7

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*,
    10 Civ. 3998, 2012 U.S. Dist. LEXIS 3358 (S.D.N.Y. Jan. 11, 2012)................................... 8

*Roman Catholic Diocese of Rockville Ctr. v. Inc. Vill. of Old Westbury*,
    09 CV 5195, 2012 U.S. Dist. LEXIS 56694 (E.D.N.Y. Apr. 23, 2012)................................. 7

*Sokol Holdings, Inc. v. BMB Munai, Inc.*,
    05 Civ. 3749, 2009 U.S. Dist. LEXIS 72659 (S.D.N.Y. Aug. 14, 2009) ......................... 8, 10

*Soroof Trading Dev. Co. v. Ge Microgen, Inc.*,
    283 F.R.D. 142 (S.D.N.Y. 2012). ................................................................................. 8

*Stratford Group, Ltd. v. Interstate Bakeries Corp.*,
    590 F. Supp. 859 at 863-64 (S.D.N.Y. 1984) ............................................................. 13, 14

*US Airways Group v. British Airways Plc*,
    989 F. Supp. 482 (S.D.N.Y. 1997). ............................................................................. 17

*Zeising v. Kelly*,
    152 F. Supp. 2d 335 (S.D.N.Y. 2001)............................................................................. 13

## OTHER AUTHORITIES

Rule 12 of the Federal Rules of Civil Procedure .................................. 1, 2, 3. 4, 5, 6, 7, 8, 10, 11

Rule 15 of the Federal Rules of Civil Procedure .................................... 1, 6, 7, 8, 9, 16

Rule 16 of the Federal Rules of Civil Procedure .................................. 1, 7, 8, 9, 10, 12

Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 3(B).... 4, 5, 11

## PRELIMINARY STATEMENT

Plaintiffs should not be given yet another opportunity to amend their complaint. Contrary to their contention, the defects plaintiffs Olivier Goureau ("Olivier") and his company Olivier Goureau, Inc. ("OGI") seek to remedy are not merely technical. Rather, the defects go to the very heart of the claims that plaintiffs have not adequately pled and still do not plead – the existence of a joint venture. Notably, when plaintiffs first amended their complaint in November 2012, plaintiffs specifically added certain allegations that cannot be reconciled with a joint venture claim – total control of the purported "joint" venture by a single individual, plaintiff Olivier. Yet, plaintiffs continue to assert these allegations in their proposed new pleading – even after the Court has explained in a prior decision partially dismissing the Amended Complaint that "joint control" is an essential element of a joint venture claim. (ECF No. 32 at 8.)

Moreover, plaintiffs failed to seek amendment within the express deadline for amendment set by the Court, even though the defects in their pleadings were raised in a prior motion to dismiss more than a month before the January 21, 2013 deadline for amendment. Indeed, it appears the only reason plaintiffs now make this motion to amend is because defendants have sought judgment on the pleadings based on the absence of critical joint venture and trademark allegations, as highlighted in the Court's decision, discussed in further detail, *infra*. Recognizing the defects in their pleadings, plaintiffs do not even seek to oppose defendants' Rule 12(c) motion. Instead, they put all of their eggs in a Rule 15 basket.

However, plaintiffs can overcome neither the futility bar to a Rule 15 amendment nor the "good cause" standard Rule 16 imposes for amendment after a scheduling order deadline has passed. Although plaintiffs argue that certain information was unavailable to them until recently, such contentions are belied by their own pleadings. After all, plaintiffs allege that plaintiff

Olivier was *de facto* chief executive of the purported joint venture and that the alleged venture had existed for *four years* prior to the filing of the complaint in August 2012.   Given his purported role, it is simply not plausible that Olivier would need certain documents that were only recently produced to have been able to allege (1) whether, and in what form, the purported venture was to have shared losses among the various parties, and (2) whether defendants Nicolas Goureau ("Nicolas") or Noemi Goureau ("Noemi") exercised any "joint control" of the "joint" venture.   Plaintiffs' motion for leave to amend should be denied and defendants' Rule 12(c) motion for judgment on the pleadings should be granted in its entirety – leaving only the trademark claims against Gooberry and Nicolas for further adjudication.

## **PROCEDURAL HISTORY**

Plaintiffs commenced this action on August 23, 2012, and filed an Amended Complaint on November 13, 2012.   The Amended Complaint (ECF No. 10) clarified the status of NOG, a party originally named as a plaintiff but subsequently changed by plaintiffs to a defendant. (Plaintiffs' Memorandum of Law in Support of Their Cross-Motion for Leave to File a Second Amended Complaint, hereafter "Pltfs' Mem.", at 2 n.1.)   The Amended Complaint also added, among other allegations, a specific allegation as to Olivier's controlling role in the alleged joint venture: "Goureau served as *de facto* chief executive of all the joint venture businesses." (Compare Original Compl. at ¶ 26 (ECF No. 1) with Amended Compl. at ¶ 25.)   Plaintiffs added an allegation as to Stephanie Goureau ("Stephanie"), an original defendant to this action, referencing her role in the purported joint venture: "Even so, on information and belief, Stephanie has claimed and continues to claim an ownership interest in, and a share of the income and profits of, all the joint venture business entities." (Compare Original Compl. at ¶ 23 with

Amended Compl. at ¶ 23.) Finally, plaintiffs added an additional claim seeking relief pursuant to the Declaratory Judgment Actn (Count 7).

**Stephanie's Motion to Dismiss**

Stephanie filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on November 30, 2012 (ECF No. 16), arguing in part that plaintiffs failed to adequately plead she was a member of the alleged joint venture. Pursuant to this Court's Individual Practices, upon the filing of a motion to dismiss, plaintiffs had a choice either to amend their complaint again or oppose Stephanie's Motion.[1] In particular, the Court's Individual Practices explain that upon the filing of a motion to dismiss, the non-movant plaintiff may amend its pleading within twenty-one days. (*See* Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases, Rule 3(B)). However, "[i]f the non-moving party elects not to amend its pleading, **no further opportunity to amend will be granted and the motion to dismiss will proceed in the normal course.** (*Id.*) (emphasis added). Plaintiffs elected to rest on the sufficiency of their Amended Complaint and filed a brief in opposition to the motion to dismiss (ECF No. 19); Stephanie filed a reply brief in further support of her motion to dismiss on December 27, 2013 (ECF No. 23).

**The Court Grants The Motion To Dismiss**

The Court granted Stephanie's motion, with prejudice, on February 4, 2013 in a 12-page written decision ("Order") (Dkt. No. 32). Of particular relevance here (as well as to Defs' 12(c) Motion), the Court held that the Amended Complaint fell "far short of alleging facts sufficient to make out all required elements of a joint venture under New York law." (Order at 7.)

---

[1] To avoid duplication of argument, Defendants have not included all of the substantive arguments set forth in detail in their Memorandum in Support of Their Motion for Judgment on the Pleadings (referred to herein as "Defs' 12(c) Motion"), though incorporate by reference the factual and legal assertions in that memorandum here given the overlapping nature of the substance of Defs' 12(c) Motion and plaintiffs' motion for leave to amend. For ease of reference, defendants attach Defs' 12(c) Motion as Exhibit A to this memorandum .

Specifically, the Amended Complaint failed to allege at least three of the elements necessary to establish a joint venture: (1) "a contribution of property, financing, skill, knowledge, or effort"; (2) "some degree of joint control over the venture"; and (3) an agreement to share in the losses as well as the profits of the alleged joint venture.

The Court's decision highlighted plaintiffs' allegations that Olivier was the "primary operator and manager of the joint venture" and that there were no claims that "Stephanie participated in any decision of the venture. . . ." in support of the conclusion that plaintiffs failed to satisfy the control element of a joint venture. (Order at 9.) Additionally, the Court focused on the plaintiffs' failure to allege that there was an agreement to share in the losses as well as the profits of the joint venture. (*Id.* at 9.) Finally, the decision explained plaintiffs' failure to take advantage of the opportunity to amend their Amended Complaint provided by the Court's Individual Rules after the filing of a motion to dismiss and granted Stephanie's Motion with prejudice. (Order at 11 n. 4.)

### The January 21, 2013 Deadline to Amend Pleadings

Pursuant to the Civil Case Management Plan and Scheduling Order ("Scheduling Order") agreed to between the parties and entered by the Court of December 21, 2012 (ECF No. 20), the parties thereafter engaged in an informal exchange of information as directed by ¶ 10(a) of the Scheduling Order. The Scheduling Order further set a deadline for the parties to move to amend pleadings or add additional parties of January 21, 2013. (Scheduling Order at ¶ 3.)

After the deadline to amend the pleadings passed, the remaining defendants moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to dismiss the trademark-related claims (Counts 1, 2, 3, and 5) against Noemi, and the joint venture related claims (Counts 4 and

4

6)[2] against all defendants on February 12, 2013. (ECF No. 33.)  Defendants asserted many of the same arguments in support of their 12(c) motion as Stephanie made in her motion to dismiss the Amended Complaint, namely a) the Amended Complaint made no allegations that Noemi, like Stephanie, engaged in any of the wrongful conduct forming the basis of the trademark-related claims, and b) plaintiffs failed to sufficiently plead the existence of a joint venture and therefore could not prevail on any of the claims dependent on a joint venture.  Plaintiffs have not opposed defendants' Rule 12(c) motion.

Instead, plaintiffs filed a motion for leave to amend the Amended Complaint on March 11, 2013 (ECF No. 36) and included both a Proposed Second Amended Complaint (hereafter the "Proposed Complaint") as well as a purported "black-lined copy" to show what changes they proposed in the Amended Complaint.  (Exhibits A and B to the Declaration of Harold F. McGuire, Jr., Esq. (hereafter "McGuire Decl.") (ECF No. 38) at ¶ 6.)[3]

## ANALYSIS

### I.      Defendants' Motion for Judgment on the Pleadings

Defendants moved pursuant to Rule 12(c) for judgment on the pleadings seeking dismissal of Counts 4 and 6 against all defendants, Counts 1, 2, 3, 5 and 7 against defendant Noemi, and Count 7 against the remaining defendants to the extent Count 7 sought a declaration related to the parties' respective interests in a purported joint venture.  Plaintiffs have not responded to defendants' motion in their memorandum in support of their motion for leave to amend nor otherwise filed any formal opposition.  To the contrary, plaintiffs admit in their

---

[2] Defendants also seek dismissal of the claim for a declaratory judgment (Count 7) as to Noemi in its entirety, and a partial dismissal against the remaining defendants to the extent Count 7 seeks relief based on the existence of a joint venture.

[3] Defendants note that the text in Exhibit B appears to vary from the text of the Proposed Second Amended Complaint set forth in Exhibit A.  For example, Paragraph 22(d) of the two exhibits separately describes certain activities of Nicolas. (Compare McGuire Decl. Ex. A at ¶ 22(d) to Ex. B at ¶ 22(d).)  For clarity, all references to the Proposed Complaint herein refer to the pleading attached as Exhibit A to the McGuire Decl.

supporting memorandum that they are not opposing that motion: "Instead of contesting that [12(c)] motion, plaintiffs make this cross-motion. . . ." (Pltfs' Mem. at 2.) As such, the Court should consider the motion for judgment on the pleadings fully submitted, and resolve that motion based solely on the Defs' 12(c) Mem.

Of particular note, in light of plaintiffs' motion to amend, is the portion of the Rule 12(c) motion directed at the alleged trademark violations with respect to Noemi. While the Proposed Complaint attempts to remedy the deficiencies in plaintiffs' current pleading regarding the existence of a joint venture, plaintiffs make no additional allegation or claim to identify any alleged wrongful conduct *by Noemi* constituting an alleged misappropriation or infringement of the Courage Marks as set forth in Counts 1 (Fraudulent Registration), 2 (Lanham Act violations), 3 (Unjust Enrichment) and 5 (Conversion). Further, to the extent Count 7 (Declaratory Judgment) seeks a declaration as to the parties' respective rights in the Courage Marks, there are no allegations supporting the existence of an "actual controversy" as to Noemi's rights to the trademark. Regardless of the Court's resolution of plaintiffs' motion to amend, therefore, it should grant that portion of Defs' 12(c) Motion concerning the possible liability of Noemi flowing from Counts 1, 2, 3, 5 and 7 (to the extent Count 7 seeks to address the parties' respective rights in the Courage Marks). (Ex. A, Defs' 12(c) Motion at 12-13.)

## II.    Standard for Motion to Amend After Deadline to Amend Has Passed

Consistent with Rule 15 of the Federal Rules of Civil Procedure, "[a] district court has discretion to deny leave [to amend a complaint] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007). "Amendment is futile if an amended complaint would fail to state a claim on which relief could be granted." *Nightingale Group, LLC v. Cw Capital*

*Mgmt.*, 11 Civ. 9293, 2012 U.S. Dist. LEXIS 93197, at *37 (S.D.N.Y. July 5, 2012) (Engelmayer, J.) (internal quotations and citations omitted); *accord Bd. of Trs. of Ft. Lauderdale Gen. Emples. Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 882 (S.D.N.Y. 2011) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6).") Thus, "the standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12 (b)(6) motion to dismiss – namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Roman Catholic Diocese of Rockville Ctr. v. Inc. Vill. of Old Westbury*, 09 CV 5195, 2012 U.S. Dist. LEXIS 56694, at *17-18 (E.D.N.Y. Apr. 23, 2012). Courts in this District may also deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay. *Nightingale Group, LLC*, 2012 U.S. Dist. LEXIS 93197, at *40; (Order at 12.)

Moreover, and significantly in this matter, "when a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order may be modified *only* for good cause." *Oscar v. BMW of N. Am., Inc.*, 09 Civ. 11, 2011 U.S. Dist. LEXIS 146395, at *5 (S.D.N.Y. Dec. 20, 2011) (Engelmayer, J.) (emphasis added); *accord Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. N.Y. 2000) (*rev'd on other grounds*). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Oscar*, 2011 U.S. Dist. LEXIS 146395, at *5 (quoting *Parker*, 204 F.3d at 340) (denying motion to amend after deadline in

scheduling order passed due to movant's failure to establish the requisite good cause). To show good cause, a movant must demonstrate that it has been diligent, meaning that, "despite its having exercised diligence, the applicable deadline *could not have been reasonably met*." *Id.* (emphasis added). Thus, if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied. *Soroof Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012).

The Court entered the scheduling order in this case on December 21, 2012, which included a deadline to file any motion to amend or join additional parties within 30 days from the date of the order, or no later than January 21, 2013. Yet, plaintiffs filed their cross-motion for leave to amend almost two months later – on March 11, 2013. The present motion for leave to amend, therefore, is subject to Rule 16's good cause standard because it was filed after the deadline for amendments contained in the scheduling order, as well as the requirements under Rule 15(a)(2). *Id.*; Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

### III. Plaintiffs' Motion For Leave To Amend Should Be Denied Because Plaintiffs Fail to Meet Rule 16's Good Cause Standard

Compliance with Rule 16 is a threshold matter which may obviate the Rule 15 analysis; as such, defendants address that issue first. *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 10 Civ. 3998, 2012 U.S. Dist. LEXIS 3358, at *7 (S.D.N.Y. Jan. 11, 2012) (Engelmayer, J.) Only if plaintiffs are able to demonstrate good cause why they should be able to include the additional factual allegations would the Court need to consider whether the proposed amendment would be futile, unduly prejudicial, or otherwise improper based on the Rule 15(a) standards that otherwise govern motions to amend. *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 05 Civ. 3749, 2009 U.S. Dist. LEXIS 72659, at *25 (S.D.N.Y. Aug. 14, 2009) (collecting cases).

8

As this Court has previously noted, to meet Rule 16's "good cause" requirement, plaintiffs must show that despite their having exercised diligence, the Scheduling Order's applicable deadline *"could not have been reasonably met."* *Oscar*, 2011 U.S. Dist. LEXIS 146395, at \*5 (internal citation omitted) (emphasis added).  Plaintiffs, however, cannot meet this burden because (a) they possessed any required information well before the applicable deadline, and (b) were on notice that their failure to plead the information they omitted constituted a failure to plead the elements of their purported claims.[4]

The Proposed Complaint includes *no* new allegations or facts as to which plaintiffs were not aware prior to the Scheduling Order's January 21 deadline to amend.  While plaintiffs may argue that they did not have access to the particular *documents* they include as Exhibits 3 and 4 to their Proposed Complaint prior to that deadline, the same cannot be said about the *information* they now seek to include with respect to the terms of the agreement of any purported oral joint venture.  Certainly, for example, if there were any agreement to share in the profits *and* the losses of the alleged business arrangement, plaintiff Olivier, as the *de facto* chief executive and original member of the alleged four-year venture (Proposed Compl. at ¶¶ 22(a) and 25), would have been aware of such an agreement, though plaintiffs omitted this allegation in both the Original and Amended Complaint.  *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, 07 Civ. 1178, 2008 U.S. Dist. LEXIS 27989, at \*13-14 (S.D.N.Y. Apr. 8, 2008) (finding plaintiff failed to meet good cause standard justifying amendment to pleadings where the information it sought to include in the amendment was known at the time of filing the original complaint).  Plaintiffs similarly cannot dispute knowledge of the contributions to the alleged venture by the purported members.   Indeed, in order to have had grounds to initially assert the various causes of action

---

[4] Notably, plaintiffs do not even address the untimeliness of their proposed amendment or Rule 16's requirements in their memorandum in support of their motion for leave to amend.

included in each of the pleadings, plaintiffs must have possessed the critical information they now seek to include. *Sokol Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72659, at *28 (denying motion for leave to amend where plaintiff had failed to previously include facts known to it which formed the basis of their original complaint, therefore failing to establish good cause under Rule 16).

In this Court's February 4, 2013 Order, the Court recognized the consequences of plaintiffs' failure to include allegations based on information known to them prior to the filing of a pleading:

> In addition, the Court finds that any amendment to the Amended Complaint would be futile. 'An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).' In their opposition brief, plaintiffs do not identify any new facts or theories of liability that are now available that were unavailable at the time of their Amended Complaint.

(Order at 12.) (internal citation omitted). Here, plaintiffs have not pointed to "any new facts" in the Proposed Complaint which were unavailable at the time of their Amended Complaint. Thus, their motion to amend should be denied.

Plaintiffs, however, overlook the Court's holding and Rule 16's standard, merely referring to these previous oversights and omissions – for example, a failure to include a *single* allegation regarding an agreement for the sharing of losses, or information as to the joint control Noemi and Nicolas may have had in joint venture – as "technical pleading deficiencies." Pltfs' Mem. at 3. A repeated failure to include allegations in support of necessary elements of a claim is inherently substantive, despite plaintiffs' qualification to the contrary.

Further conflicting with plaintiffs' arguments is the substance of their November 2012 amendment to the complaint. The Amended Complaint added allegations about Stephanie's claim to "an ownership interest in, and a share of the *income and profits of*, all of the joint

venture business entities." (Amended Complaint at ¶ 23.) (emphasis added). When Stephanie moved for dismissal, plaintiffs had the right, pursuant to this Court's Individual Rules, to make additional allegations to satisfy their claims premised on a joint venture but chose instead to rest of the sufficiency of the Amended Complaint. Plaintiffs thus expressly waived the opportunity to add the allegations they now seek to include and signaled to the Court that as drafted, the Amended Complaint satisfied each of the elements constituting a joint venture. (Order at 11 n. 4). Moreover, Stephanie's reply memorandum, filed on December 27, 2012, extensively addressed the various deficiencies in plaintiffs' joint venture-based claims, including plaintiffs' failure to allege an agreement to share losses and joint control. (*See* Reply Mem. at 4-7, ECF No. 23.) After being put on express notice of the pleading issues with the Amended Complaint by both Stephanie's Motion and the Court's Order, plaintiffs maintained their allegations without addition.

Plaintiffs chose to rest on the sufficiency of their pleadings until defendants moved pursuant to Rule 12(c). And while plaintiffs argue that the amendments they seek addressing alleged loss sharing and member contribution are merely "technical," the Court previously indicated that allegations on these points are central to the sufficiency of a claim predicated upon the existence of a joint venture. (Order at 8.) In fact, the Court found dismissal of the Amended Complaint was warranted against Stephanie because of plaintiffs' failure to allege these very facts: "'a contribution of property, financing, skill, knowledge or effort'; that she had 'some degree of joint control over the venture'; or that she agreed to share in the losses as well as the profits." (*Id.*)

As set forth above, plaintiffs have failed to exercise diligence here and accordingly, have not demonstrated good cause as to why the Court should permit further leave to amend. It has

now been nearly seven months since plaintiffs filed the Original Complaint. Plaintiffs have had numerous opportunities to conform their complaint to include allegations supporting the causes of action they assert, and only now do they seek to amend to add necessary and integral allegations supporting the elements of their claims. As such, the Court should deny plaintiffs motion for leave to amend, and should grant defendants' motion for judgment on the pleadings.

### IV.    Plaintiffs' Motion To Amend Should Be Denied Because the Proposed Amended Pleading Still Does Not Allege the Existence of Joint Venture And Therefore the Amendment is Futile

Even if the Court were to find that plaintiffs have demonstrated good cause under Rule 16 to modify the Scheduling Order, the Proposed Complaint does nothing to cure the deficiencies defendants identified in their 12(c) motion with respect to the viability of the joint venture claims; therefore, plaintiffs' motion to amend should be denied on the grounds of futility. *Conde v. Sisley Cosmetics USA, Inc.*, No. 11 Civ. 4010, 2012 U.S. Dist. LEXIS 72726, at *20 (S.D.N.Y. May 22, 2012) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss. . . . ") (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). To plead a joint venture under New York law, a party must allege five elements: that (1) two or more persons enter into an agreement for profit; (2) the parties intended to be joint venturers; (3) each of the venturers contributes something of value to the joint venture, such as property, skill, knowledge or effort; (4) each co-venturer has some degree of control over the venture; and (5) the co-venturers agree to some division of profit and loss allocation. *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 67-68 (2d Cir. 2003); *Cosy Goose Hellas v. Cosy Goose USA, Ltd.*, 581 F. Supp. 2d 606, 620 (S.D.N.Y. 2008) (Smith, M.J.). As this Court explained, the absence of any one element is fatal to the establishment of a joint venture. (Order at 8.); *Zeising v. Kelly*, 152 F. Supp. 2d 335, 347-38 (S.D.N.Y. 2001).

A.    *Leave To Amend Should Be Denied Because It Fails To Adequately Plead Joint Control And Is Therefore Futile*

As the Court previously addressed, under New York law, a joint venture requires joint control; if plaintiffs, because of the absence of joint control, cannot establish a joint venture, the claims predicated on the existence of a joint venture cannot stand.  (Order at 8); *see generally B. Lewis Prods. v. Angelou,* 01 Civ. 0530, 2003 U.S. Dist. LEXIS 12655, at *37 n.7 (S.D.N.Y. July 23, 2003) ("[A] joint venture agreement must do more than impose mutual obligations on the parties to the agreement.  Joint venturers, like partners, each must have the power to act on behalf of the venture."), *rev'd in part on other grounds, B. Lewis Prods. v. Angelou,* No. 03-7864, 2004 U.S. App. LEXIS 10088 (2d Cir. N.Y., May 21, 2004); *Stratford Group, Ltd. v. Interstate Bakeries Corp.*, 590 F. Supp. 859, 863-64 (S.D.N.Y. 1984) (finding no joint venture existed where plaintiff failed to plead, among other elements, joint control, and explaining that"[t]he control deemed essential for a joint venture is power over decision-making.").

To meet the "joint control" requirement, a complaint must do more than simply broadly allege control was shared.  Rather, the complaint must also provide supportive and specific allegations to provide a plausible basis to establish such joint control.  *See Ely v. Perthuis*, 12 Civ. 1078, 2013 U.S. Dist. LEXIS 14952, at *17 n.6 (S.D.N.Y. Jan. 29, 2013) (dismissing joint venture claim where, despite an allegation that the members "specifically agreed that each would have mutual control and management of the business," the complaint failed to "explain how that agreement was made or what was discussed in making that agreement").  Here, not only does the Proposed Complaint fail to specify joint control, the allegations in the Proposed Complaint actually *contradict* any such basis for joint control.  In fact, the pleadings assert *sole* control by Olivier.  (Proposed Compl. at ¶¶ 22(i) and 25.)  The Proposed Complaint, like the two

complaints already filed, allege that Olivier had full and unfettered control and authority over the following aspects of the purported joint venture:

- Olivier managed NOG, Fopps, OGI and Gooberry full time;

- Olivier decided when and where to open all new retail stores;

- Olivier was in charge of all purchasing for each of the stores;

- Olivier supervised the hiring and firing of all employees at each store;

- Olivier supervised all sales procedures;

- Olivier had principal signatory authority over all bank and credit card accounts; and

- Olivier served as the *de facto* chief executive of NOG, Gooberry, Fopps, and OGI.

(Proposed Compl. at ¶¶ 22(i), 24 and 25.)

   In sharp contrast, Nicolas is alleged to have provided only skills – what an employee might provide. (Proposed Compl. at ¶ 22(d).) Noemi is alleged to have been an employee and provided financial resources – what an investor might provide. (*Id.* at ¶ 22(j).) Both Nicolas and Noemi are alleged to have provided "assistance" to Olivier "as needed" (*Id.* at ¶ 22(i)) – underscoring their subservient and limited support role. Indeed, Olivier complains that Nicolas and Noemi "seized control" of the books and records of Gooberry and Fopps – terms that suggest a subordinate's insurrection instead of a co-equal exercising rights. (*Id.* at ¶ 28.)

   In contrast to the allegations in the Proposed Complaint, a joint venture requires *joint control* whereby each venturer shares in the overall control of the underlying business arrangement; in other words, a joint venture does not permit the pooling of control in a single member, as plaintiffs' indisputably allege Olivier had here. *E.g. Stratford Group, Ltd.*, 590 F. Supp. at 863-64 (finding that where one member of an alleged joint venture had total control over day to day management of alleged venture, the joint control element was lacking and no

14

joint venture existed); *see* Ex. A., Defs' 12(c) Motion at 8-9, collecting cases.  Moreover, an allegation that the members "commingl[ed] their assets, liability, profits, losses and expenses" does not raise a presumption of joint control.  (Proposed Compl. at ¶ 22(h)); *see McGhan v. Ebersol*, 608 F. Supp. 277, 284 (S.D.N.Y. 1985) (holding inability to operate outside of alleged joint venturer's direction and control establishes that the element of joint control and management was unsatisfied); *Mendelson v. Feinman*, 143 A.D.2d 76, 78 (N.Y. App. Div. 2d Dep't 1988) (holding that "the mere allegations of commingled resources" did not meet the requirements of a joint venture, and affirming dismissal of claims based on joint venture).  The Court should therefore deny plaintiffs' motion for leave to amend on the grounds of futility, as the Proposed Amendment contradicts the predicate existence of a joint venture.

B.     *The Proposed Complaint Is Futile Because It Fails To Adequately Allege That The Parties Agreed To Share Losses*

Unlike plaintiffs' previous two complaints, the Proposed Complaint does not wholly ignore the requirement that a joint venture must contemplate the sharing of losses as well as profits.  As this Court has held, "shared profits are simply not enough: '[T]he fact that an individual may receive a share of the profits is not dispositive, since all of the elements of the relationship must be considered,' including whether the alleged agreement contained a provision for sharing losses as well." (Order at 9; citations omitted.)

However, the proffered new allegations – broad assertions that the members of the joint venture had an agreement to equally share in the profits, losses, and expenses of the joint venture businesses – (Proposed Compl. at ¶¶ 22(b), 22(h), 24) – are nothing more than a formulaic recitation of one of the necessary elements of a joint venture.  They fail to explain even the basic terms of the parties' alleged agreement with respect to loss sharing, and merely conform to the labels this particular joint venture element requires.  Lacking any supporting allegations to

15

establish their plausibility, these broad assertions fail to satisfy *Twombly* or *Iqbal*'s pleading standards, as they must, in order to overcome Rule 15's futility hurdle. *See Ely*, 2013 U.S. Dist. LEXIS 14952, at *5.

Plaintiffs nonetheless may argue that attachments to the Proposed Complaint – Exhibits 3 and 4 – provide this support. However, the documents included in Exhibit 4 – wire transfers made by Gooberry – merely reflect that Gooberry paid certain expenses; even if, as suggested, these payments were used to pay the expenses of another business, they do not demonstrate or support an agreement by the parties to share aggregate losses. Similarly, even if as alleged in Paragraph 22(h), Gooberry, NOG and Fopps commingled their assets "and maintained consolidated business records of the ... flow of funds between and among the constituent entities," neither this allegation nor the expense payment or cash flow data set forth in Exhibit 3 to the Proposed Complaint indicates or even states that Olivier, Noemi and Nicolas agreed to ultimately share these expenses – particularly if a loss were to result to any or all of these three businesses. Moreover, and significantly, Olivier does not include in the allegation any reference to the losses of OGI – his own entity. Plaintiffs' failure to state with adequate specificity the terms of the alleged loss-sharing agreement between the members of the joint venture thus further confirms the futility of the Proposed Complaint, and therefore the Court should deny plaintiffs' motion.

C.    *The Proposed Complaint Is Futile Because It Fails To Adequately Allege The Terms of a Viable Joint Venture Agreement*

Merely calling an agreement a "joint venture" does not "amount to a legal concession that it was a joint venture for purposes of tort liability." *Bigio v. Coca-Cola Co.*, 97 Civ. 2858, 2010 U.S. Dist. LEXIS 86890, at *21 (S.D.N.Y. Aug. 23, 2010). Indeed, each of the pleadings – including the Proposed Complaint – reveals one shared and indisputable fact: the terms of the

16

purported agreement were neither clear nor formally agreed upon, evidenced by the ever-changing structure of plaintiffs' allegations related to the business arrangement. *US Airways Group v. British Airways Plc*, 989 F. Supp. 482, 493 (S.D.N.Y. 1997). What emerges from the series of deficient pleadings plaintiffs offer in support of their claims is an undefined relationship among various related family members owning businesses in a related trade: clothing. This, however, is insufficient to satisfy the requirements of a joint venture, rendering the proposed amendment futile.

## CONCLUSION

For all of the reasons set forth above and those included in defendants' motion for judgment on the pleadings, plaintiffs' motion for leave to amend should be denied, defendants' motion for judgment on the pleading to dismiss certain claims against Gooberry Corp., Fopps, Inc., Nicolas Goureau and Noemi Goureau should be granted with prejudice, and the Court should grant such other relief as is just and proper.

Dated:  March 19, 2013

Respectfully submitted,

**TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP**

/s/  Jaclyn H. Grodin
Paul D. Sarkozi
Jaclyn H. Grodin

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084
Email:     sarkozi@thsh.com
             grodin@thsh.com

*Attorneys for
Defendant/Counterclaimants/Third-Party
Plaintiff Gooberry Corp., and Defendants
Fopps, Inc., Nicolas Goureau and Noemi
Goureau*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on March 19, 2013, and, accordingly, will be sent to the registered participants identified on the Notice of Electronic Filing.

/s/ Jaclyn H. Grodin