UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                        :
OLIVIER GOUREAU and OLIVIER GOUREAU, INC., :
                                        :     12 Civ. 6443 (PAE)
                         Plaintiffs,  :
                                          :     OPINION & ORDER
              -v-          :
                                          :
NOEMI GOUREAU, NICOLAS GOUREAU,  :
GOOBERRY CORP., NOG INTERNATIONAL, INC., :
and FOPPS, INC.  :
                                          :
                       Defendants.  :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

     Before the Court is plaintiffs' motion for leave to amend their Amended Complaint. For the reasons that follow, that motion is granted.

I.    **Background**[1]

    **A. Factual Allegations**

     This case involves a dispute over a family business. Plaintiff Olivier Goureau ("Olivier") and his company, Olivier Goureau, Inc. ("Goureau, Inc."), allege that his estranged wife, Noemi Goureau ("Noemi") and her son from a previous marriage, Nicolas Goureau ("Nicolas"), along with the family-owned businesses Gooberry Corp. ("Gooberry") and FOPPS, Inc. ("FOPPS"), have infringed his rights in trademarks known as the "COURAGE.B" trademarks.[2] Olivier also alleges that Noemi and Nicolas wrongfully ousted him from a joint venture that utilized these

---

[1] The Court's account of the underlying facts in this case is drawn from the Amended Complaint (Dkt. 10).

[2] NOG International, Inc. ("NOG") is also named as a defendant, but the parties have stipulated that it will not incur damages and is in the case solely to be bound by the case's outcome. Dkt. 31.

trademarks. Plaintiffs initially alleged that Noemi's daughter, Stephanie Goureau, was also a member of the joint venture.

Olivier alleges that the joint venture originated in 2008 between him and Noemi, who were then married. Am. Compl. ¶¶ 6, 22(a). Each was a 50% owner of the joint venture. *Id.* ¶¶ 22(a)–(b). In 2009, Nicolas—who is Noemi's son and Olivier's stepson and nephew—was added to the joint venture, with an equal share in the ownership. *Id.* ¶ 22(c).

### B. Procedural History

On August 23, 2012, plaintiffs filed a Complaint, Dkt. 1, and on November 13, 2013, an Amended Complaint (hereinafter, the "First Amended Complaint" or "FAC"), Dkt. 10. On November 30, 2012, Noemi, Nicolas, FOPPS, and Gooberry filed an answer. Dkt. 15. That same day, Stephanie moved to dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the FAC contained no allegations that she actually participated in the joint venture. Dkt. 16. On February 4, 2013, the Court granted Stephanie's motion to dismiss, and dismissed plaintiffs' claims against her, with prejudice, because the FAC failed to allege the necessary elements of her participation in a joint venture under New York law. Dkt. 32

On February 12, 2013, the remaining defendants filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Dkt. 33–34. They contend that, as to the joint venture claims, plaintiffs have not alleged the required elements, and, as to the trademark claims, plaintiffs have not alleged wrongful conduct by Noemi. Plaintiffs did not submit an opposition, but rather, on March 12, 2013, cross-moved for leave to amend their Amended Complaint, attaching a proposed Second Amended Complaint ("SAC"). Dkt. 39–41.

2

On March 19, 2013, defendants opposed the motion. Dkt. 42. On March 28, 2013, plaintiffs submitted their reply, along with a declaration from Olivier. Dkt. 43–44.

## II. Discussion

### A. Applicable Legal Standards

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires." However, "'it is within the sound discretion of the district court to grant or deny leave to amend.'" *Barbata v. Latamie*, No. 11 Civ. 7381 (DLC), 2012 WL 1986981, at *2 (S.D.N.Y. June 4, 2012) (quoting *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009)). The Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007).

As relevant here, "futility" under Rule 15 turns on whether a proposed pleading would be able to withstand a dispositive pretrial motion. *Touchtunes Music Corp. v. Rowe Int'l Corp.*, 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006)). Put differently, a proposed amendment is futile if the amended pleading fails to state a claim upon which relief could be granted, and would thus not survive a motion to dismiss.

Where a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order "may be modified only for good cause." Fed. R.

Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 390–91 (2d Cir. 2011) (summary order).

To show good cause, a movant must demonstrate that it has been diligent, *see Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 266–67 (2d Cir. 2009); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), meaning that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met," *Oscar v. BMW of N. Am., LLC*, No. 09 Civ. 11 (PAE), 2011 WL 6399505, at *2 (S.D.N.Y. Dec. 20, 2011) (citations omitted), *reconsideration denied*, 2012 WL 245229 (S.D.N.Y. Jan. 25, 2012). A party fails to show good cause when the proposed amendment rests on information "that the party knew, or should have known, in advance of the deadline." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (collecting cases), *aff'd*, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009).

### B.  Good Cause Under Rule 16

Because compliance with Rule 16 is a threshold matter which may obviate the Rule 15 analysis, that issue is addressed first. See *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012).

It is true that "[s]cheduling orders offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed." *Lincoln v. Potter*, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006). The circumstances of this case, however, counsel flexibility. Although Stephanie moved to dismiss the FAC on grounds particular to herself, the other defendants did not challenge the complaint, either pursuant to Rule 12(b)(6) or Rule 12(c). Instead, in December 2012, discovery commenced without any indication by the remaining defendants that they regarded plaintiffs' pleadings as

4

facially deficient.  Discovery had in fact been underway for close to two months when, in mid-February 2013, the other defendants, apparently emboldened by the Court's dismissal of the claims against Stephanie, first elected to move against the FAC.  Discovery today is now close to complete:  It closes on April 22, 2013.

Under these circumstances, having been presented with defendants' motion for judgment on the pleadings only halfway through discovery, plaintiffs have good cause to seek leave to amend.  Since December, they have participated in the discovery process, at what the Court assumes is some cost and expense.  They are more familiar with the facts than at the time of their pleadings.  It is appropriate that plaintiffs be given the opportunity to amend to explain why, on the facts now known to them, a joint venture existed and the remaining defendants were party to it.  It would ill serve the interests of justice for the Court to review for its facial validity a complaint which defendants forewent the opportunity to attack on its face, while blinding itself to facts now known to plaintiffs which may materially bear on that issue.  Further, it does not appear that plaintiffs' proposed revisions to their pleadings broaden the scope of the factual issues at hand.  They should not, therefore, necessitate any change in the scope, nature, or timing of discovery.  The Court therefore finds good cause to permit the SAC.

### C. Futility Under Rule 15

As a threshold matter, defendants, by letter, ask the Court to disregard a declaration (Dkt. 44) that plaintiffs' counsel has submitted from plaintiff Olivier, which purports to add context and facts to the proposed SAC.  Dkt. 45.  Plaintiffs defend that submission.  Dkt. 46.  Defendants are right that Olivier's declaration is not properly considered in assessing the facial validity of the proposed SAC.  Further, because the Court finds plaintiffs' motion to amend meritorious

without the need to consider the disputed Olivier declaration, the Court grants defendants' request. The Court accordingly has not considered Olivier's declaration on this motion.

In considering the proposed SAC, the Court next considers whether plaintiffs have acted in bad faith or with undue delay, whether their amendments will prejudice the defendants, and whether the proposed amendments would be futile. Here, defendants argue that the proposed amendments are futile. They argue that the proposed SAC does not adequately plead the elements of a joint venture, because it does not allege (1) joint control, (2) that the parties agreed to share losses, or (3) what the terms of the joint venture agreement were. Def. Br. 12–17.

The Court finds that the SAC adequately alleges (1) the existence of a joint venture, and (2) the roles of Noemi and Nicolas, and their respective companies, FOPPS and Gooberry, in it. The SAC specifies how the joint venture operated, the roles that each party played, the contributions each party made, and that the participants shared in both the profits and the losses. *See id.* ¶¶ 22(a)–(l).

As to joint control, the SAC acknowledges that Olivier was the primary operator and manager of the venture. *See* SAC ¶¶ 22(i), 24–25. However, unlike the deficient allegations as to Stephanie, the SAC includes specific ways in which the parties took part in the venture: Noemi and Nicolas assisted Olivier "as needed" in the management of the businesses. SAC ¶ 22(i). They "mutually agree[d]" when and from which company their salaries would be paid. *Id.* ¶ 22(l). Most importantly, Noemi and Nicolas each own companies alleged to have been participants in the joint venture. *Id.* ¶¶ 8–9. Ownership and control over a constituent company is sufficient to show the "measure of joint proprietorship and control over the enterprise" that is required by New York law. *Brown v. Cara*, 420 F.3d 148, 159–60 (2d Cir. 2005). It is enough to meet plaintiffs' burden under Rule 15.

The SAC also clearly alleges that the parties agreed to share in the losses of the joint venture as well as its profits.  *See* SAC ¶¶ 22(b) ("The ownership of, profits, losses, and expenses of all the businesses would be shared equally among the joint venturers."), 22(h) (""Gooberry, NOG, and Fopps would (and did) commingle their assets, liabilities, profits, losses, and expenses . . . ."), 51 (parties "engaged in a general partnership by virtue of their 2008 and 2009 agreement to share the profits, losses, revenues and expenses of their joint venture").  Again, Noemi and Nicolas's ownership of constituent companies means that they would be the direct beneficiaries both of profits and of losses.

Plaintiffs thus have shown that the proposed amendment would not be futile.  Further, there has been no showing of bad faith, undue delay, or prejudice to the defendants.  Because the SAC includes plausible allegations of a joint venture, justice requires that plaintiffs be allowed to amend:  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Williams v. CitiGroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the reasons stated above, leave to amend is granted, and the Court accepts plaintiffs' Second Amended Complaint as the operative complaint in this case.  Plaintiffs are directed forthwith to file their Second Amended Complaint with the Clerk of Court.  Defendants' motion for judgment on the pleadings is dismissed as moot.  The Clerk of Court is directed to terminate the motions pending at docket numbers 33 and 39.

The parties shall continue on the discovery schedule set by the Court's December 20, 2012 case management plan.  Dkt. 20.  In the event any party wishes to move for summary

judgment, a pre-motion letter, consistent with the Court's Individual Practices, is due two weeks after the close of discovery. *See* Judge Engelmayer's Individual Rules and Practices in Civil Cases 3(H). The next conference remains scheduled for May 23, 2013, at 11:00 a.m.

SO ORDERED.

                                                Paul A. Engelmayer
                                                United States District Judge

Dated: April 10, 2013
       New York, New York