UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLIVIER GOUREAU and OLIVIER GOUREAU, INC.

   Plaintiffs-Counterclaim Defendants,

-against -

NOEMI GOUREAU, NICOLAS GOUREAU, STEPHANIE GOUREAU, GOOBERRY CORP., NOG INTERNATIONAL, INC., and FOPPS, INC.

   Defendants-Counterclaim Plaintiff.

---

GOOBERRY CORP.,

   Third Party Plaintiff,

-against-

SACHA GOUREAU,

   Third Party Defendant.

---

Civil Action No.:
12 cv 6443 (PAE)(DF)

**ECF CASE**

**STIPULATED CONFIDENTIALITY ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/13
```

  **IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the undersigned, that the following Stipulation ("Stipulation") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses and other written, recorded or graphic matter, including any information contained therein ("Discovery Material" or "Material"), produced or exchanged by the parties during discovery in this action (the "Producing Parties").

  1.  All "Discovery Material" shall be used by the party receiving such Material solely for purposes of preparing for and conducting pre-trial, post-trial, collection and appellate proceedings in this litigation and for no other purpose including, but not limited to, use in other

litigation, or in any other proceeding. Notwithstanding the foregoing, information designated "Confidential" or "Highly Confidential" shall be treated in accordance with the further terms of this Stipulation.

2. As used herein, "Producing Party" means the party which produced the Discovery Material and "Receiving Party" means the party receiving such Discovery Material.

3. In responding to a request for discovery, the Producing Parties may designate for confidential treatment any document, testimony or other information that the Producing Parties in good faith consider to be, reflect or reveal proprietary information, trade secret, confidential research, development or commercial information, or personal financial or other confidential personal information about a Producing Party ("Confidential Material"):

   **a. CONFIDENTIAL.** A party may designate documents or information as CONFIDENTIAL upon a good faith determination that the document or information includes or constitutes confidential commercial information that is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

   **b. HIGHLY CONFIDENTIAL.** Upon a good faith determination, a party may designate the following as HIGHLY CONFIDENTIAL: i) any potential or actual customer's name and associated contact information that a party has gained or acquired after May 1, 2012, ii) information related to a party's website design or product design developed or created on or after May 1, 2012, and iii) any marketing or advertising plans or strategies created on or after May 1, 2012. The parties agree that disclosure of HIGHLY CONFIDENTIAL information could result in serious injury or harm to a party's business if disclosed without the limitations set forth herein.

4. The designation of Discovery Material as Confidential Material for purposes of this Stipulation shall be made in the following manner:

(a) with respect to documents or other materials (apart from depositions or other pre-trial testimony and interrogatory responses): by affixing, at the time of copying, the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Material;

(b) with respect to matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, disks, networks or tapes) ("Computerized Material"): by placing a label with either of the legends "CONTAINS CONFIDENTIAL MATERIAL" or "CONTAINS HIGHLY CONFIDENTIAL MATERIAL," whichever is appropriate on the Computerized Material;

(c) all portions of depositions or other pre-trial testimony in which Confidential Material is used or discussed shall be presumptively treated as Confidential Material. The legend "Confidential" or "Highly Confidential" shall be affixed to the each page of the original transcript containing the Confidential Material, and to the each corresponding page of all copies of such transcript. Only those portions of each transcript designated as "Confidential" or "Highly Confidential" in this action shall be deemed Confidential Material. The use of Confidential Material in connection with depositions or other pre-trial testimony shall be subject to the provisions of Section 5 below; and

(d) with respect to interrogatory responses: by stating, in the interrogatory response, that it contains Confidential Material.

5. Confidential Material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

(a) the parties to this action, including any officer, director, or employee of such party who is assisting in the defense or prosecution of the action, _provided, however,_ that to the extent

materials designated as Highly Confidential Material are disclosed to the Parties or their officers, directors or employees, those individuals shall not: i) copy, summarize, or disseminate in any way the contents of any Highly Confidential Material; or ii) retain or keep the original copy of any Highly Confidential Material;

(b)    outside counsel who represent or are assisting in the representation of such party or parties in this action, regular and temporary employees of those counsel assisting in this action, and outside photocopying and document services companies retained by such counsel;

(c)    consultants, accountants or experts assisting counsel for the parties in this action;

(d)    deponents, trial, hearing witnesses or prospective witnesses, and their counsel, in preparation for and/or during depositions, trial or pretrial hearings in this proceeding, provided that counsel for the party intending to disclose such Confidential Material or Highly Confidential Material has a good faith basis for believing that such Confidential Material or Highly Confidential Material is relevant to specific events, transactions, discussions, communications, or data about which the witness is expected to testify and after all parties are given notice of such use;

(e)    the Court in this action and court reporters employed in connection with this action; and

(f)    any other person agreed to by the parties in writing.

6.    This Stipulation has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Material or any Receiving Party's use of material not obtained in the discovery process herein, even if such information, or another copy of the same document, has been designated as Confidential or Highly Confidential pursuant to this Order.

4

7. Every person to whom Confidential Material will be disclosed, summarized, described or otherwise communicated, or made available in whole or in part first shall (prior to disclosure) be advised that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed, summarized, described or otherwise communicated or made available in whole or in part to any other person, except pursuant to the terms of this Stipulation. All persons to whom Confidential Material is disclosed solely pursuant to Paragraph 5(c) or 5(d) shall be required to execute a certification, in the form attached as Exhibit A, evidencing their agreement to the terms of the Stipulated Protective Order.

8. The Receiving Party shall treat Confidential Material as proprietary information and shall not use or disclose the information except for the purposes set forth in this Stipulation or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Stipulation extend to all Confidential Material regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, or summaries of the foregoing materials.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this matter serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If an agreement to resolve the objection or request cannot be reached within three (3) business days, counsel for the designating party will promptly convene a joint telephone call with the Court to obtain a ruling, or follow such expedited procedure that the Court may require. While such an application is pending, the document, testimony or other information in question shall be treated as it was designated by the Producing Party pursuant to

this Stipulation. Confidential Material shall remain confidential until otherwise ordered by the Court and may not be filed except as in the manner set forth in Paragraph 10.

    10.    In the event that any party or non-party determines to file, any papers containing or revealing Confidential Material, the filing party or non-party must do so by filing the subject Confidential Material under seal pursuant to Paragraph 11. . All materials filed under seal shall be available to the Court, and to the parties that have agreed to this Stipulation, for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential Material and need not be preserved under seal. The parties will use their best efforts to minimize filings under seal.

    11.    All documents and materials filed with the Court containing or reflecting the contents of Confidential Material shall be filed in compliance with existing Court procedures designed for the protection of confidential material, including without limitation, electronically filing such materials under seal or in such other manner the Court has devised to limit access to confidential material to counsel of record and court personnel. Hard copies containing or reflecting the contents of Confidential Material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption "*Goureau v. Goureau et al.*, No. 12-6643" and the legend "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY AGREEMENT AND CONSENT ORDER." Documents so labeled shall be kept by the Court under seal for as long as they retain their status as Confidential Material.

    12.    Any third party or non-party who has produced Confidential Material and who has duly executed Exhibit A shall be permitted to invoke the terms of this Agreement for protection of the materials as if it were a party.

    13.    Entering into this Stipulation, producing or receiving Confidential Material (or agreeing to do so) or otherwise complying with this Stipulation shall not:

(a)     operate as an admission that any particular designated Confidential Material contains or reflects proprietary information or any other type of confidential information;

(b)     prejudice in any way the rights of any party to object to the production of documents, testimony or other material that such party considers not subject to discovery; or

(c)     prevent the parties to this Stipulation from agreeing in writing to amend, alter or waive the provisions or protections provided for herein with respect to any particular material.

14.     Should the need arise for any party to disclose Confidential Material during any hearing or trial before the Court, the party wishing to disclose Confidential Material shall provide reasonable notice to the Producing Parties sufficient to allow the Producing Parties time to seek appropriate relief from the Court.

15.     The inadvertent production of any privileged or otherwise protected Discovery Material shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work-product materials, or the subject-matter thereof ("Privileged Material"). Consistent with Rule 502(d) of the Federal Rules of Evidence, the parties agree, and the Court hereby orders, that any such inadvertent disclosure of Privileged Material shall not constitute a waiver of the foregoing privileges in this litigation or in any other federal or state proceeding. Upon receiving notice from a Producing Party that privileged or otherwise protected Discovery Material has been inadvertently produced, the Receiving Party shall immediately cease any review of all such Privileged Material and refrain from duplicating, distributing or having any discussions concerning such Privileged Material. The Receiving Party shall further return all such Privileged Material to the Producing Party within five days of receipt of such notice, destroy all copies, images, extracts or summaries thereof, and provide written confirmation of such destruction.

The return of any inadvertently produced Discovery Material is without prejudice to the right to challenge any claim of privilege.

16. Inadvertent disclosure of any Confidential Material by any party shall not constitute a breach of this Stipulation. In the event Confidential Material is inadvertently disclosed, the party who disclosed such documents or information shall make its best effort to see that the disclosed information is destroyed or returned to the Producing Parties.

17. Within 45 calendar days after the conclusion of this action in its entirety, any party that has produced Confidential Material shall notify all other parties to whom the material was produced, in writing, by document number or other specified means of identification, those portions of material they wish to have returned or destroyed. All parties to whom those identified portions were produced either (a) shall return such material and all copies thereof to counsel for the party that produced it, or (b) shall take reasonable steps to destroy all such Confidential Material in their possession in a manner that ensures that such material will not be disclosed or disseminated or recovered by any person. Counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product disclosing or containing Confidential Material, including such materials containing, quoting, discussing or analyzing Confidential Material, *provided* that such counsel, and employees of such counsel, shall not disclose such court papers, transcripts, exhibits or attorney work product containing Confidential Material, to any person except on reasonable notice to and consent of the Producing Parties or court order. Any materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. "Conclusion of this action in its entirety" means after all appeal periods have expired or after the execution of a settlement agreement among all the parties finally disposing of this action, and, in any event, not before the completion of all collection proceedings.

18. Nothing in this Stipulation shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Stipulation.

YANKWITT & McGUIRE, LLP

By: _/s/ Harold F. McGuire_
Harold F. McGuire, Jr., Esq.
140 Grand Street, Suite 501
White Plains, NY 10601
Telephone: (914) 686-1500
Facsimile: (914) 801-5930
hmcguire@yankwitt.com
*Attorneys for Plaintiffs/Counterclaim Defendants Olivier Goureau and Olivier Goureau, Inc., and Third Party Defendant Sacha Goureau*

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP

By: _/s/ Paul D. Sarkozi_ /PJ
Paul D. Sarkozi, Esq.
Jaclyn H. Grodin, Esq.
900 Third Avenue
New York, NY 10022
Telephone: (212) 508-6700
Facsimile:  (646) 390-6860
sarkozi@thsh.com
grodin@thsh.com
*Attorneys for Defendant/Counterclaimant/Third Party Plaintiff Gooberry Corp. and Defendants Noemi Goureau, Nicholas Goureau, and Fopps, Inc.*

SO ORDERED

_Paul A. Engelmayer_   5/1/13
Hon. Paul Engelmayer
United States District Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
OLIVIER GOUREAU and OLIVIER GOUREAU, :
INC., :
:
: Civil Action No. 12 cv 6443 (PAE)(DF)
:
Plaintiffs, : ECF CASE
:
-against- :
:
NOEMI GOUREAU, NICOLAS GOUREAU, :
STEPHANIE GOUREAU, GOOBERY CORP., :
NOG INTERNATIONAL, INC. :
and FOPPS, INC., :
:
Defendants. :
_____ :
:
GOOBERY CORP., :
:
Third Party Plaintiff, :
:
-against- :
:
SACHA GOUREAU, :
:
Third Party Defendant. :
:
------------------------------------------------------------------X

I. _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential Material. I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential Material to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____ (signature)

Dated:_____

11